No. 21742.

HOWARD MAYNARD RAPSON *v.* CAROL ANN RAPSON, BY AND THROUGH HER NEXT FRIEND CHARLES WEISS.
(437 P.2d 780)

Decided March 4, 1968.

R. GEORGE SILVOLA, for plaintiff in error.

TROTT, KUNSTLE, O'LEARY & RATNER, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MCWILLIAMS.

CAROL ANN RAPSON, hereinafter referred to as the plaintiff, filed a complaint in annulment against Howard Maynard Rapson, who will be referred to hereinafter as the defendant. In her complaint the plaintiff sought a decree in annulment on the particular ground set forth in C.R.S. 1963, 46-3-1(b), and in connection therewith she also asked for the care and custody of a minor child of the parties. Additionally, she prayed for an order that the defendant be directed to pay support moneys to her for the use and benefit of their child.

In his answer the defendant agreed that the marriage should be annulled, but denied that he should be subjected to any order to pay plaintiff support money for the child in question. In response to plaintiff's request for child support, the defendant specifically denied that he was the father of the child.

Trial of this matter was to the court, and culminated in a decree in annulment and an order that defendant pay the plaintiff child support money in the sum of $75 per month. By writ of error the defendant seeks reversal of the child support order, contending (1) the trial court under the circumstances should not have entered *any* order calling for child support and (2) ·that

the sum of $75 per month was excessive. A very brief recital of the evidence adduced upon trial will hopefully place this controversy in focus.

It was undisputed that during September, October and November, 1963 plaintiff and the defendant engaged in numerous acts of sexual intercourse. Shortly thereafter plaintiff advised the defendant that she was pregnant, whereupon the defendant suggested marriage. The two then immediately proceeded to advise plaintiff's parents of her pregnancy and of their mutual desire to marry. Defendant at the time was a college student, and the plaintiff was attending high school.

Plaintiff and defendant were married, whereupon the defendant dropped out of college and obtained employment as a painter. For some eight months plaintiff and defendant lived together as husband and wife, when the parties separated and this separation led to the present complaint in annulment.

About six months after the date of marriage a child was born and it is this child which is the object of the aforementioned support order. Upon trial the defendant denied that he was the father of the child and though he admitted numerous acts of sexual intercourse with the plaintiff, his testimony was that he did not however have sexual intercourse with her for a period of about two to three weeks during which time the child was believed to have been conceived. The plaintiff's testimony was that she and the defendant did have sexual intercourse during the period of time when conception occurred, and that the defendant was the *only* person with whom she had ever experienced sexual relations.

Also, the defendant called as his witness a doctor who testified that just the day before the trial he had conducted certain tests and as of that time, at least, the defendant had a low sperm count. However, this witness did not state categorically that it would have been a physical impossibility for the defendant to have im-

pregnated the plaintiff some twelve to fifteen months earlier.

As also bearing upon this issue, prior to trial defendant demanded a blood typing of himself, the plaintiff and the child. These tests were conducted and based on the results thereof the person making these tests reported that, as concerns the defendant, "the purported father cannot be eliminated on the basis of blood type as to possible paternity."

As above indicated, the trial court after hearing determined that the defendant was the father of the child and then directed him to pay plaintiff support money in the sum of $75. The defendant now contends that this was reversible error and he argues that on the basis of the evidence before it, the trial court was compelled to hold that the defendant was *not* the father of the child. Such does not accord with our appraisal of the evidence. On the contrary, after viewing the evidence in the light most favorable to the defendant, this is but another instance of the trier of the facts making a factual determination based on disputed and conflicting evidence. In such circumstance the determination of a trial court is not to be disturbed by us on review. *White v. Kehmeier*, 147 Colo. 78, 362 P.2d 860.

Furthermore, the trial court did not abuse its discretion in fixing the amount of support at $75 per month. During the marriage, as noted above, the defendant supported his family by painting. During the pendency of these proceedings by stipulation of the parties defendant agreed to pay, and did pay, support money in the sum of $75 per month. However, by the time of trial, the defendant had terminated his employment as a painter and returned to college. His position is that as a college student he now has *no* income, therefore it was error for the trial court to set a support order in *any* amount. With this line of reasoning we do not agree.

What is a proper support order in a given case

depends upon a consideration of many factors, one of which is the earning capacity of the father. 17 Am. Jur. 43 and 27A C.J.S. 1051. And the fact that a person is without funds and without profitable employment has been held not to preclude the allowance of reasonable alimony and support where nothing but a disinclination to work, regardless of the motive therefor, interferes with his ability to earn a reasonable living. See *Bittson v. Bittson,* 138 N.Y.S. 2d 294, *aff'd* 285 App. Div. 1061, 140 N.Y.S. 2d 508; *Vought v. Vought,* 22 misc. 2d 356, 195 N.Y.S. 2d 521; and *Snyder v. Snyder,* 162 N.Y.S. 607.

In the instant case there was rather cogent evidence as to the defendant's earning potential, namely that during the period of his marriage to plaintiff the defendant had actually earned $110 to $120 per week as a painter. The fact that defendant decided to quit his employment and return to college, though most understandable, does not preclude the allowance of a reasonable support order based on his demonstrated earning capacity. Suffice it to say we find no abuse of discretion on the part of the trial court in this regard.

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE HODGES and MR. JUSTICE KELLEY concur.