522 P.2d 749 (1974)
4-D BROTHERS, INC., a Colorado corporation, Plaintiff-Appellee,
v.
John H. HECKERS, Executive Director, Department of Revenue, Defendant-Appellant.
No. 73-085.
Colorado Court of Appeals, Div. I.
March 26, 1974.
Rehearing Denied April 16, 1974.
Certiorari Denied June 17, 1974.
*750 Keller & Dunievitz, Alex Stephen Keller, Denver, for plaintiff-appellee.
John P. Moore, Atty. Gen., John E. Bush, Deputy Atty. Gen., Bernard S. Kamine, Asst. Atty. Gen., Chris J. Eliopulos, Special Asst. Atty. Gen., Denver, for defendant-appellant.
Selected for Official Publication.
PIERCE, Judge.
This is an appeal from a judgment in favor of the plaintiff in an action for declaratory judgment challenging the validity of a regulation promulgated by the defendant under the liquor code, C.R.S.1963, 75-2-6(3)(a). In addition to declaratory relief, plaintiff prayed for and was granted injunctive relief restraining the defendant from enforcing the regulation against it. By stipulation of the parties that there were no contested issues of fact, the trial court dispensed with the necessity of a motion for new trial pursuant to C.R.C.P. 59(h).
While defendant raises some procedural issues on appeal, we need only to direct our attention to the merits of the action.
Regulation 19D, the subject of this action, reads as follows:
"(1) No licensee, manager or agent shall employ or permit upon any liquor licensed on-sale premises, any employee, waiter, waitress, entertainer, host or hostess to mingle with patrons and personally beg, procure, or solicit the purchase or sale of drinks or beverages for the use of the one begging, procuring or soliciting or for the use of any other employee.
(2) No licensee, manager or agent shall permit upon any licensed on-sale premises anyone to loiter in or about said premises for the purpose of begging and soliciting any patron or customer of, or visitor in, such premises to purchase any drinks or beverages for the one soliciting or begging."
The gist of plaintiff's complaint was that the avowed purpose of this regulation was to prohibit females from engaging in "B-girl" activity and that therefore, to the extent that the regulation sought to affect the activity of male employees of the licensees, it was not reasonably related to a legitimate exercise of the police power delegated to the defendant for the regulation of the liquor industry. The trial court agreed with plaintiff's contention and found the regulation, insofar as the activities of male employees were covered, to be "not reasonable and just." We conclude *751 that the trial court erred in striking down this portion of the regulation.
We note initially that in California v. LaRue, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342, the United States Supreme Court recently held that, by virtue of the Twenty-first Amendment, the states are vested with "something more than the normal state authority over public health, welfare, and morals," in matters concerning the regulation of the sale of alcoholic beverages. At the same time, we recognize that any regulation under any statute must be reasonably related to a legitimate exercise of such state authority. People ex rel. Orcutt v. Instantwhip Denver, Inc., 176 Colo. 396, 490 P.2d 940. See People ex rel. Dunbar v. Kogul, Colo., 501 P.2d 738; People ex rel. Dunbar v. Gym of America, Inc., Colo., 493 P.2d 660; Love v. Bell, 171 Colo. 27, 465 P.2d 118.
For purposes of clarification, we deem it necessary to delineate several issues which are not involved in this case. First, this is not a case in which an exercise of state authority is alleged to be "constitutionally overbroad" in the sense that it in any way inhibits fundamental or constitutionally protected conduct on the part of the plaintiff. See California v. LaRue, supra; Sherbert v. Verner, 374 U.S. 398, 83 S.Ct. 1790, 10 L.Ed.2d 965; NAACP v. Button, 371 U.S. 415, 83 S.Ct. 328, 9 L.Ed.2d 405; Jarmel v. Putnam, Colo., 499 P.2d 603. Nor is it asserted that this case involves a regulation which is so indefinite and uncertain on its face as to be "void for vagueness." See, e. g., People in re K. P., Colo., 514 P.2d 1131; Memorial Trusts, Inc. v. Beery, 144 Colo. 448, 356 P.2d 884.
The trial court in this case stated in oral findings that
"[t]he defendants offered no testimony as to what evil would come by these male bartenders, waiters and entertainers in soliciting drinks."
We conclude that the trial court improperly imposed on the defendants the burden of establishing the validity of the regulation. It is well settled that the burden of establishing the unreasonableness of an exercise of state police power is upon the party attacking that exercise. Love v. Bell, supra. See People v. Summit, Colo., 517 P.2d 850; Colorado Chiropractic Ass'n v. State, 171 Colo. 395, 467 P.2d 795. As our Supreme Court pointed out in Love v. Bell, supra, this placement of the burden
"only reflects the broadness of the legislative power to legislate for the public health, safety, and welfare, and the reluctance of the courts to interpose their judgment for that of the legislature."
Thus, it is not incumbent upon the state licensing authority to show by affirmative evidence that the regulation before us is a reasonable regulation. The presumption of the existence of facts justifying a legislative exercise of valid state authority applies equally in cases involving administrative regulations as to statutes enacted by the legislature. Pacific States Box & Basket Co. v. White, 296 U.S. 176, 56 S.Ct. 159, 80 L.Ed. 138.
While the regulation before us may be primarily directed at the activities of "B-girls," and even if we assume, for purposes of argument, the rather minimal utility of prohibiting solicitation of drinks by male employees for their own consumption, plaintiff still has not met its burden of showing that this regulation is not reasonably related to a valid exercise of the police power.
C.R.S.1963, 75-2-6(3)(b), provides that the state licensing authority may promulgate regulations covering a great many subjects including "unfair practices" and "practices unduly designed to increase the consumption of alcoholic beverages. . . ." Plaintiff's own witness testified that its employees, both female and male, received compensation in the form of a commission based on the number of drinks solicited for their own consumption. Defendant argues, and the evidence establishes that drinks purchased by patrons for the soliciting employees are often non-alcoholic beverages for which the normal alcoholic beverage price is charged, and that *752 the practice of soliciting drinks is used as a stimulant to increase sales to patrons. Plaintiff has not shown on the record before us that these practices cannot be engaged in by male employees as well as by their female counterparts, and thus, it may not be said that the regulation is overbroad or not directed at the practice to be eliminated and the persons who may perpetrate the violation. See In re Tahiti Bar, Inc., 395 Pa. 355, 150 A.2d 112. See also Miami v. Kayfetz, 92 So.2d 798 (Fla.).
In view of our conclusion that the regulation is valid, it is unnecessary for us to discuss defendant's allegation that the trial court erred in granting injunctive relief in addition to declaratory relief, or defendant's other allegations of procedural error. Since plaintiff is not entitled to the requested declaratory relief, the permanent injunction must be dissolved.
We reverse the determination of the trial court as to the declaratory judgment and remand for the dissolution of the injunction.
SILVERSTEIN, C. J., and SMITH, J., concur.