536 P.2d 842 (1975)
In re the MARRIAGE OF Patricia L. LODHOLM, Petitioner-Appellant, and
Valdemar Lodholm, Respondent-Appellee.
No. 74-158.
Colorado Court of Appeals, Div. II.
March 18, 1975.
Rehearing Denied May 6, 1975.
*843 Sheldon, Bayer, McLean & Glasman, James T. Bayer, George M. Allen, Denver, for petitioner-appellant.
Mason, Reuler & Peek, P. C., William M. Peek, H. F. Riebesell, Jr., Rosanne M. Hall, Denver, for respondent-appellee.
Selected for Official Publication.
STERNBERG, Judge.
This is an appeal by the wife from orders entered in a dissolution of marriage proceeding. She contends that the court abused its discretion in its disposition of property and in its award of child support, maintenance, and attorney's fees. We agree with this contention, and therefore reverse the judgment of the trial court.
At the time of their marriage in 1959, the husband was 45 years old and the wife 26. He was employed as the principal executive officer of a manufacturing concern, was earning a large salary, and brought considerable assets into the marriage. While the wife had been employed prior to the marriage, she brought no property of significance into the marriage. The husband continued in his employment, and at the time of these proceedings was earning approximately $45,000 per year. The wife had not been employed outside of the home since the marriage began. Three children were born as issue of this 14 year marriage, and at the time of these proceedings they were aged 13, 11, and 9. The children resided with the wife and there was no dispute as to custody.
The trial court ordered the husband to pay a total of $450 per month child support and awarded maintenance to the wife on a decreasing schedule as follows: $550 per *844 month for five years, $300 for the next five years, with all maintenance terminating at the end of ten years. Of assets totalling in excess of $500,000, the wife was awarded only the family home, which had a value of $75,000, and furniture worth about $6,000, which constituted approximately 14% of the total assets. The court based this disproportionate division of property upon § 14-10-113, C.R.S.1973 (1971 Perm.Supp., C.R.S.1963, 46-1-13), which allows division only of property acquired during the marriage. The parties agreed that the assets awarded to the wife constituted about 35% of the marital property.
It has been held repeatedly that in matters of division of property the trial court is imbued with broad discretion, see, e. g., Cohan v. Cohan, 150 Colo. 249, 372 P.2d 149, and that the mandate to distribute property equitably does not require equality. See Thompson v. Thompson, 30 Colo.App. 57, 489 P.2d 1062. Thus, in and of itself, the award of 35% of the marital assets is not an abuse of discretion. Nevertheless, the court must consider all of the many relevant facets of the situation of the parties, Nunemacher v. Nunemacher, 132 Colo. 300, 287 P.2d 662, including "the value of property set apart to each spouse." Section 14-10-113(1)(b), C.R.S.1973 (1971 Perm.Supp., C.R.S.1963, 46-1-13(1)(b)).
Under the trial court's property division order, the wife has a home and furniture, but no liquid assets. Since the court ordered her to pay her own attorney's fees, she is already $2,000 in debt. No provision is made for giving her funds with which to procure an automobile, nor does she have financial reserves for emergencies, vacations, or the like.
In regard to the maintenance award, § 14-10-114(2)(c), C.R.S.1973 (1971 Perm. Supp., C.R.S.1963, 46-1-14(2)(c)), specifically requires the court to consider "the standard of living established during the marriage" in its award of maintenance. Here, for the time being, the wife has sufficient maintenance and child support to allow her and the children the necessities of life, but little more. Yet, the record is replete with references to ownership of horses, club memberships, and travel, indicating that in their happier days the parties enjoyed a standard of living commensurate with the husband's large income. Furthermore, after five years when the maintenance is reduced and after ten when it is terminated, there will be no way for the wife to enjoy anything close to the standard of living established during the marriage.
By subparagraph 2(e) of § 14-10-114, C.R.S.1973, the court is required to consider "[t]he age and the physical and emotional condition of the spouse seeking maintenance," while subparagraph 2(a) of that statute directs that the court consider the ability of the party seeking maintenance to meet his needs independently, and subparagraph 2(b) requires consideration be given to "[t]he time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment . . .."
At the time of trial, this woman was 40 years old, had been out of the work force for 14 years, and for some time had been in such an emotional state that she required twice-weekly visits to a psychiatrist. There is no evidence in the record that the wife had any skills which would enable her to become employed, nor that she could pursue any education or training to make it reasonable to assume that she could be employable by age 50 when all maintenance is to terminate.
In decreeing that the amount of maintenance decrease at the end of five years and terminate at the end of ten, the trial court considered the fact that the husband would be approaching retirement age at the time of the first reduction and would likely be retired when maintenance terminated. It is true that one factor to be considered in this case is the ability of the husband to meet his needs while also meeting the needs of the wife. Section 14-10-114(2)(f), *845 C.R.S.1973 (1971 Perm.Supp., C.R.S.1963, 46-1-14(2)(f)). However, even when retired, a reasonable projection of the husband's present financial situation indicates that he would have assets approaching half a million dollars which would produce sufficient income to enable him to continue paying maintenance. The wife's estate, on the other hand, in ten years will likely consist of only the home and furniture.
While § 14-10-122, C.R.S.1973 (1971 Perm.Supp., C.R.S.1963, 46-1-22) permits modification of maintenance, that statute should not be relied upon to justify termination of maintenance after a period of years, where, as here, it is more likely than not that the wife's need for, and the husband's ability to pay, maintenance will continue. By that statute, the burden is heavy upon him who seeks modification; "changed circumstances so substantial and continuing as to make the terms unconscionable" must be shown. We do not consider it appropriate in this case to place the burden on the wife of returning to court five or ten years hence to argue that the original order terminating maintenance or decreasing it should be modified. Rather, under the facts apparent now, the burden should be on the husband to prove that changed circumstances in the future warrant lowering or terminating maintenance.
Standing alone, each separate portion of the court's order might be within the range of discretion accorded a trial court in cases of this type. However, as pointed out in Carlson v. Carlson, 178 Colo. 283, 497 P.2d 1006, maintenance, support, and property division issues are inextricably related, and therefore must be treated together. By that test, under the facts of this case, the court's order cannot stand. Considering the lack of employment possibilities for this wife, based upon her emotional instability, lack of recent work experience, and age at which maintenance will terminate, considering further the size of the husband's estate, his earnings now and projected, and finally considering the standard of living of the parties during the marriage, the trial court's findings and order demonstrate that it failed to give due regard to all the significant factors listed in the statute. Hence, the order entered constitutes an abuse of discretion.
We reverse the judgment of the trial court and remand the matter for a new trial on the issues of division of property, child support, maintenance, and attorney's fees, but direct that the orders of the district court relative to maintenance and child support heretofore entered shall remain in full force and effect, pending further order of the trial court.
ENOCH and PIERCE, JJ., concur.