533 P.2d 928 (1975)
In re the MARRIAGE OF Sarah S. McCARTHY, Petitioner-Appellee, and
Michael J. McCarthy, Co-Petitioner-Appellant.
No. 74-434.
Colorado Court of Appeals, Div. II.
March 25, 1975.
*929 Miller & Gray, P. C., William R. Gray, Boulder, for petitioner-appellee.
Grant & McCarren, William J. McCarren, Longmont, for co-petitioner-appellant.
Not Selected for Official Publication.
ENOCH, Judge.
Michael J. McCarthy appeals from that part of a dissolution of marriage judgment which awards to Sarah S. McCarthy monthly maintenance and support for a child in her custody. We affirm.
The parties were married December 28, 1966. The decree of dissolution of marriage was entered March 1, 1974. Sarah, a college graduate, has developed secretarial and clerical skills, and at the time of the court hearing had a monthly net take-home pay of $520 from two jobs. Her monthly needs were shown to be $895. At the time of the hearing she was 30 years old and in good health except for her current need to have psychiatric treatment primarily associated with the trauma caused by the breakup of the marriage. Sarah was employed early in the marriage but was not employed after the adoption of the first of their two children. She obtained her present employment after the parties separated in 1973.
Michael has a college degree in journalism and earned a law degree in 1967. From that time he was engaged in the practice of law in Colorado until 1973 when he voluntarily withdrew from practice. His income steadily increased annually to a peak of approximately $33,000 in 1972, then dropped as he discontinued his law practice. At the time of the hearing in 1974 Michael had no job, no income, and contemplated no immediate employment. During the previous year he had been living on the income from accounts receivable and proceeds from the sale of certain *930 real estate. He is in good health, but because of his personal dissatisfaction with the practice of law, he feels that he cannot return to his chosen profession. The trial court quite accurately summarized Michael's testimony when it stated that:
"The court further finds that Mr. McCarthy has been undergoing some introspective endeavors to orient himself and his person and his lifestyle and has of recent years decided that he wasn't as happy in practicing law as he perhaps would like to be and has decided that that is a field of endeavor that he doesn't wish to return to."
By stipulation and agreement the parties equally divided their assets and each took custody of one of the children. The court resolved the remaining issues and ordered that Michael should pay to Sarah $100 per month as child support and $100 per month maintenance until further order of the court or until her remarriage, but not to exceed a period of five years.
Michael takes the position that he should be free from any additional responsibility because the equal division of the marital property gave Sarah a home which had a $12,000 equity, an automobile, the household furniture and half of the accounts receivable which accounted for the $2,500 which she had at the time of the hearing. As additional factors which should relieve him of any maintenance and support burdens, he also points out that Sarah had regular employment and custody of only one of the two children, and finally contends that it was an abuse of discretion for the court to have ordered those payments. However, he does concede that, under the circumstances of this case, the fact he was not employed at the time of the hearing would not, ipso facto, preclude the entry of such orders.
The trial court has broad discretionary powers in the determination of support and maintenance and such orders will not be disturbed on review if supported by the evidence. Graves v. Graves, 171 Colo. 20, 464 P.2d 291; Larrick v. Larrick, 30 Colo.App. 327, 491 P.2d 1401. There is ample evidence to support the payments ordered. The evidence supports the finding that Sarah needs $895 per month, yet her income from the two jobs plus the $200 ordered falls short of supplying her needs by $175. It is also noted that the $100 for maintenance is only for a five year period.
Contrary to Michael's contention, the findings of the court clearly indicate that the tests set forth in § 14-10-114, C. R.S.1973 (1971 Perm.Supp., C.R.S.1963, 46-1-14) were fully considered and applied in arriving at the final orders. In regard to his financial ability, subsection (f) of said statute requires the court to consider "the ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance." This language does not restrict a court to considering only his actual income at the time of trial, but also allows it to weigh evidence of his reasonable potential earning capacity. There is nothing in the record to indicate that Michael does not have the ability to meet his own needs as well as those of Sarah and the child in her custody. Michael is free to choose his own lifestyle and to cease to be a productive individual in our social structure if he can afford such luxury. However, by his own training and experience he should understand, better than the average layperson, that certain responsibilities assumed must be met within the confines of the law.
Judgment affirmed.
SMITH and KELLY, JJ., concur.