591 P.2d 1046 (1979)
In re the MARRIAGE OF S. Ray CORBIN, Appellant, and
Betty L. Corbin, Appellee.
No. 78-126.
Colorado Court of Appeals, Div. I.
February 15, 1979.
*1047 DeMuth, Eiberger, Kemp & Backus, Rodney L. Smith, Walter T. Garnett, Denver, for appellant.
Al R. Zinn, P. C., Lee Schiller, Denver, for appellee.
PIERCE, Judge.
S. Ray Corbin, husband, appeals from an order of the trial court increasing his child support obligations from $150 to $250 per month and awarding Betty L. Corbin, wife, $150 as attorney's fees. We reverse.
Wife's motion to increase husband's child support obligations was filed some seven months after the decree was entered dissolving the parties' marriage. The decree incorporated by reference a separation agreement executed by the parties which required husband to pay $150 per month for support of the parties' two minor children, then aged 7 and 5, and to provide health insurance coverage for the children. Wife was granted custody of the two children and the right to declare them as dependents on her income tax returns.
Section 14-10-122(1), C.R.S.1973, provides that "the provisions of any decree respecting . . . support may be modified. . . only upon a showing of *1048 changed circumstances so substantial and continuing as to make the terms unconscionable." Thus, a party seeking modification of support payments has a heavy burden. See In re Marriage of Lodholm, 35 Colo.App. 411, 536 P.2d 842 (175).
Here, except for an increase of $100 per month in husband's salary, the only change in circumstances since the date of the decree was the general rise in the cost of living and the slight increase in the ages of the children. Wife's testimony, for the most part, related to non-essential expenses which she had voluntarily incurred, or which were foreseeable at the time of the decree. In fact, the gist of her testimony was that, at the time of the decree, she had underestimated her living expenses, and that because of this underestimation the child support provisions of the separation agreement were not equitable.
However, there was no showing of "changed circumstances so substantial and continuing" as to render the child support provisions of the decree unconscionable, and the trial court was therefore not justified in ordering an increase in husband's support obligations. Section 14-10-122(1), C.R.S.1973.
Wife argues that no showing of changed circumstances was necessary in order to justify the modification because the support payments resulted solely from the separation agreement between the parties, and were not ordered by the court after a contested hearing. We disagree.
Prior to entering a decree, the court must refuse to approve a separation agreement if it finds it to be unconscionable. Section 14-10-122, et seq., C.R.S.1973; In re Marriage of Eller, 38 Colo.App. 74, 552 P.2d 30 (1976). See also In re Marriage of Lowery, 39 Colo.App. 413, 568 P.2d 103 (1977), aff'd, Colo., 575 P.2d 430 (1978). In any event, the child support provisions of a separation agreement are not binding on the court. Sections 14-10-122(2) and (6), C.R.S.1973. Here, the court expressly found at the time of the decree that the separation agreement was not unconscionable. Thus, the court was as much, or more, a "source" of the support order as were the parties by their agreement. To permit wife to later challenge the support provisions of the decree without making a showing of changed circumstances would render the court's approval of the agreement meaningless, and would violate the mandate of § 14-10-122(1), C.R.S.1973.
The cases on which wife relies, Noonen v. Noonen, 166 Colo. 331, 443 P.2d 723 (1968), and Wright v. Wright, 31 Colo.App. 381, 504 P.2d 1119 (1972), were decided prior to the enactment of the "Uniform Dissolution of Marriage Act," and therefore have little or no precedential value. See In re Marriage of Seymour, 36 Colo.App. 104, 536 P.2d 1172 (1975).
We also conclude that the trial court abused its discretion in awarding attorney's fees to wife. Section 14-10-119, C.R.S.1973, confers broad discretion on the trial court to award attorney's fees in domestic relations proceedings. See In re Marriage of Parker, Colo.App., 584 P.2d 103 (1978). However, that statute was intended as a mechanism to equalize the economic status of the parties involved in dissolution of marriage proceedings. In re Marriage of Franks, 189 Colo. 499, 542 P.2d 845 (1975). Here, wife not only earned more than husband, but had assets worth substantially more than husband's. Moreover, wife initiated the proceedings making attorney's fees necessary. In re Marriage of Peterson, Colo.App., 572 P.2d 849 (1977). Given these circumstances, the award of attorney's fees to wife was not justified.
Order reversed.
SILVERSTEIN, C. J., and COYTE, J., concur.