In re the MARRIAGE of Philip H. WAGNER, Appellee,

and

Shirley Ann Wagner, Appellant.

No. 79CA0451.

Colorado Court of Appeals, Div. I.

March 13, 1980.

Rehearing Denied April 3, 1980.

Certiorari Denied June 9, 1980.

Robert E. Long, Terrence E. Dooher, Littleton, for appellee.

Pred & Miller, P. C., David A. Bottger, Ronald S. Pred, Denver, for appellant.

STERNBERG, Judge.

In this dissolution of marriage proceeding, the wife appeals the judgment of the trial court which awarded her maintenance for a limited period of three years. We reverse.

The parties had been married for some 23 years. The wife was 44 years of age, and the husband was 45 at the time of the dissolution. The two children born as issue of the marriage were emancipated.

When the decree of dissolution was entered, the court approved an agreement of the parties in which the debts were provided for and the marital assets were divided in roughly equal shares by value. This resulted in the wife receiving assets valued at $16,500. Neither party had any non-marital assets. The husband agreed to take care of expenses of the parties' 21-year-old daughter who was attending college. The agreement reserved for later determination by the trial court the question of the husband's obligation, if any, to pay maintenance, to provide life insurance protection and to pay the wife's attorney fees.

At the time of the hearing on these matters the court had before it evidence that during the course of the marriage the wife had been occupied principally as a mother and homemaker, although she had worked sporadically for about five years in clerical positions at low hourly wages. The husband had worked as a food broker during the marriage, and at the time of the dissolution was earning about $20,000 per year. An automobile and expense allowance were also provided to him.

There was testimony concerning a back condition the wife had suffered from since childhood that would prevent her from doing physical work, but would allow her to perform secretarial, receptionist, or light housekeeping work. The wife also was effectively blind in one eye. She had no specialized training or formal education beyond high school. After the dissolution the wife had obtained a clerical job paying her $598 per month, from which her net salary was $477 per month. The husband's income had increased to $26,000 per year.

The court awarded the wife $300 per month maintenance for a period of three years, denied her request that the husband be ordered to carry life insurance for her benefit and ordered the husband to pay 60% of the wife's attorney fees.

In its written order, the court said, *inter alia*, that anything greater than $300 per month would be "improper and unfair";

that it might have reduced the term of three years except that is what the husband offered; that the wife's net income of $777 per month (her net salary plus the maintenance) was fair; that in three years the wife "ought to be well adjusted to her new standard of living"; and that the court's orders are "fair and reasonable and put the parties on a parity."

Section 14–10–114, C.R.S.1973, governs an award of maintenance. It directs that a court may grant maintenance if it determines that the spouse seeking maintenance does not have sufficient property to provide for his needs and cannot support himself through appropriate employment. If there is such a finding, the court is directed to then consider:

"[A]ll relevant factors including:

(a) The financial resources of the party seeking maintenance . . . ;

(b) The time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;

(c) The standard of living established during the marriage;

(d) The duration of the marriage;

(e) The age and the physical and emotional condition of the spouse seeking maintenance; and

(f) The ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance."

Applying these statutory criteria to the evidence in this case, we note first that this marriage had endured for 23 years. The wife's monthly living expenses exceeded $900. The maintenance awarded, when added to her net salary, totals $777 per month. With his income and perquisites, the husband has the ability to pay more. Thus, there is no basis for the trial court's conclusion that the amount ordered is "fair," or "put[s] the parties on a parity." Also the record is bare of any evidence to serve as a basis for the conclusion that in three years the wife will be any better off and thus "well adjusted to her new standard of living." It is axiomatic that a judgment without evidentiary foundation cannot stand. The trial court's maintenance order constituted an abuse of discretion. Thus, this order must be reversed.

With regard to the limitation placed on the duration of maintenance, the order is premised on the trial court's assumption that the wife, who has no job skills, and who has been employed outside the home only sporadically, nevertheless, is likely to be able, in three years, to support herself totally. As shown by the job the wife did obtain, this assumption flies in the face of reality in that it ignores the limited job market available to unskilled middle-aged women who have long been removed from the employment scene. It represents a particularly egregious error here where the wife has additional handicaps that militate against her employability.

Our conclusion in this regard is best focused by the trial court's statement in its written order that:

"[O]nce the parties have separated and the marriage is dissolved . . . [the parties] must go their own way . . . the court does not believe in the concept that the husband thereafter, remains as a guarantor and insuror of the wife's maintenance thereafter unless certain provisions and criteria are met."

This concept is inapplicable to a case such as this. See Carlson v. Carlson, 178 Colo. 283, 497 P.2d 1006 (1972); In Re Marriage of Lodholm, 35 Colo.App. 411, 536 P.2d 842 (1975). Rather, on remand the court must consider § 14–10–114, C.R.S.1973, which provides, in effect, that while maintenance is not a matter of right, it may be granted under the circumstances specified in the statute. It may be of indefinite duration, until death or remarriage, and such award is subject to possible modification, see § 14–10–122(1) and (2), C.R.S.1973, or it may be awarded for a definite period of time with a specific retention of jurisdiction to modify during or after the term.

Because the matters reserved to the court for determination under the settlement agreement of the parties, maintenance, in-

surance, and attorney fees are inextricably interwoven, see *Carlson v. Carlson, supra,* we reverse the order of the district court and remand the cause for a new trial on these questions. The monthly maintenance order shall remain in effect until the case has been retried, or until further order of court.

COYTE, J., concurs.

VAN CISE, J., dissents.

VAN CISE, Judge, dissenting:

On this appeal, the wife contends that the court's award of maintenance in the amount of $300 was "grossly inadequate, unjustified and disproportionate under the circumstances," that the evidence did not support the court's limitation of maintenance to a three year period, and that these orders constituted an abuse of discretion.

Section 14–10–114(2), C.R.S.1973, states that: "The maintenance order shall be in such amounts and for such periods of time as the court deems just . . . ." From this, it is apparent that the intent of the General Assembly is that maintenance is not a matter of right, is to be granted only under circumstances specified in the statute, and, if granted, is not generally to be of indefinite duration. However, under proper circumstances, maintenance may be granted for an indeterminate period, subject to possible modification, see § 14–10–122(1) and (2), C.R.S.1973, or it may be awarded for a definite period with a retention of jurisdiction to modify during or even after the term. Both the amount and the period of time for maintenance fall within the sound discretion of the trial court.

On the evidence presented, I see no abuse of discretion by the trial court in its award to the wife of $300 per month maintenance in addition to what she is presently earning. The majority's finding that the husband "has the ability to pay more" is hardly a basis for establishing an abuse of discretion.

On the other hand, under the circumstances of this case limiting the award to three years, with no provisions for modification during or after the term, does constitute an abuse of discretion.

I see no need for reversing the entire order. Instead, I would modify the order by setting aside that portion which limits maintenance to three years, would provide instead that maintenance be until further order of court, subject to modification or termination as provided by § 14–10–122(1) and (2), C.R.S.1973, and, as modified, would affirm the order.