**In re the MARRIAGE OF William J. CARNEY, Appellant,**

**and**

**Mary J. Carney, Appellee.**

**No. 80CA0300.**

Colorado Court of Appeals, Div. III.

June 4, 1981.

Joseph E. Edwards, Aspen, for appellant.

Holland & Hart, James T. Moran, Aspen, for appellee.

KIRSHBAUM, Judge.

The husband appeals the trial court's order granting the wife's motion to increase child support. We affirm.

Insofar as is pertinent to this appeal, the basic facts are not in dispute. The parties were married in July 1961. The decree dissolving their marriage in January 1973 incorporated a settlement agreement executed by both of them. At the time of the dissolution, the husband's gross annual income was $7,800 and the wife earned $300 per month. The settlement agreement granted custody of the three minor children of the parties to the husband during each school year and to the wife during summer vacations, required the husband to pay child support of $66.66 per month per child during the summer months, required the husband to maintain extraordinary medical and dental insurance, and granted him the right to claim the children as dependents for tax purposes.

Conflicts developed between the children and the husband soon after the dissolution. In 1977 the parties executed a written amendment to the settlement agreement. The amendment provided that the wife would have custody of the children each school year, that the husband would have custody during summer vacations, and that the wife would be entitled to claim the children as dependents for tax purposes. The amendment did not alter the child support provisions of the original settlement agreement, and expressly reaffirmed all terms of the original agreement not addressed by the amendment. The parties also executed a stipulation and motion, each dated March 25, 1977, requesting the trial court to amend the dissolution decree by substituting the custody and tax deduction provisions of the amendment for the corresponding provisions of the original settlement agreement.

The wife's motion to increase child support was filed on January 8, 1979. The 1977 stipulation, motion, and underlying amendment were filed on February 8, 1979. The parties agree that the custody provisions contained in the 1977 amendment are in the best interests of the children and are satisfactory to themselves.

Both parties have remarried. At the hearing on the two motions the husband estimated his gross income for 1979 to be $40,000. Subsequent to the dissolution, the wife began studying for a doctorate degree. She testified that she anticipated receiving the degree in 1982, at which time her estimated income would be $22,000 per year. Her parents have contributed to the costs of her studies. Although she has not sought full-time employment, in 1978 she did undertake a special project for which she received gross income of $22,500. At the time of the hearing, she received part-time income from consultant work of $750 per month maximum, and also received $200 per month child support from the husband.

The trial court modified the terms of the settlement agreement with respect to custody, increased the husband's child support obligations to $200 per month per child, and denied all other requests to modify the settlement agreement contained in the 1977 motion and joint stipulation.

The husband contends that the trial court erred in finding changed circumstances "so substantial and continuing" as to make the provisions of the settlement agreement "unconscionable." Section 14–10–122(1), C.R.S. 1973. He first argues that the facts of this case prohibit the conclusion that the financial circumstances of the wife were of a "continuing" nature because her income level was self-induced. We disagree.

The trial court made extensive findings concerning the entire history of both parties and their minor children subsequent to the 1973 dissolution decree. That the wife might resume full-time employment by 1982 and that her lack of income at the time of the hearing was self-induced are not dispositive. The record fully supports the trial court's conclusion that at the time of the hearing the changed circumstances of the wife were sufficiently continuous to permit consideration of whether the child support provisions of the settlement agreement were unconscionable.

The husband also asserts that the trial court erred in finding the child support provisions of the 1973 settlement agreement, as reaffirmed by the proposed 1977 amendment, unconscionable. We again disagree.

Provisions of a proposed separation settlement agreement proffered for incorporation into a dissolution decree may be refused as "unconscionable" pursuant to § 14–10–112, C.R.S.1973, if the trial court concludes that the agreement is not fair, reasonable, and just. *In Re Marriage of Wigner*, 40 Colo.App. 253, 572 P.2d 495 (1977). The husband contends that the term "unconscionable" appearing in § 14–10–122(1), C.R.S.1973, requires a determination of "fraud" or "deceit."

The General Assembly has decided that provisions relating to disposition of property contained in a separation agreement approved by a trial court may not be modified subsequently absent a showing of fraud or overreaching. Section 14–10–122, C.R.S. 1973. *See Lay v. Lay*, 162 Colo. 43, 425 P.2d 704 (1967).

However, the Uniform Dissolution of Marriage Act also provides that any decree of dissolution respecting child support may be modified subsequent to the entry of the decree "upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable." § 14–10–122(1), C.R.S.1973. *See In Re Marriage of Corbin*, Colo.App., 591 P.2d 1046 (1979). The General Assembly has selected the same word to describe the standard to be applied both before and after dissolution decrees are entered respecting rejection or alteration of child support and maintenance provisions. Hence, we conclude that the term "unconscionable" in § 14–10–122(1) has the same meaning of fair, reasonable, and just as the identical term used in § 14–10–112, C.R.S.1973.

To determine whether the child support provisions of a separation agreement which has been incorporated into a prior dissolution decree are fair, reasonable, and just, a trial court should consider and apply all the criteria provided by the General Assembly for judicial evaluation of the provisions of property settlement agreements: the economic circumstances of the parties, § 14–10–112, C.R.S.1973; the division of property, § 14–10–113(1), C.R.S. 1973; and the provisions for maintenance, § 14–10–114(1), C.R.S.1973. *In re Marriage of Erickson*, Colo.App., 602 P.2d 909 (1979). Here, the record amply supports the trial court's conclusion that a child support payment of only $66.66 per month per child was unconscionable in view of the altered custody arrangements and the other substantially altered circumstances of the parties and their children. Hence, that determination will not be disturbed on appeal. *Carlson v. Carlson*, 178 Colo. 283, 497 P.2d 1006 (1972).

Order affirmed.

BERMAN and KELLY, JJ., concur.