**In re the MARRIAGE OF Debora Ann MIZER, Appellant,**

**and**

**Gale Bernard Mizer, Appellee.**

**No. 83CA1045.**

Colorado Court of Appeals,
Div. III.

May 31, 1984.

Weiner & Schiller, P.C., Richard A. Weiner, Englewood, for appellant.

No appearance for appellee.

METZGER, Judge.

Debora Ann Mizer, mother, appeals from the order of the trial court denying her motion for an increase in child support. We reverse.

The parties' marriage was dissolved in 1976. At that time, father, Gale Bernard Mizer, was in the military service and earned approximately $13,200 per year. Mother was awarded custody of the parties' daughter, who was then four years old, and father was ordered to pay $125 per month child support plus health insurance and medical expenses. In their separation agreement, the parties stipulated that father's support payments entitled him to claim daughter as an exemption for income tax purposes.

In May 1983, mother filed a motion to increase child support, alleging that the child's expenses were continually rising, that an increase in child support was necessary to provide adequately for the child, and asserting that father, because of his pay increases, was financially capable of paying additional support. The evidence at the hearing showed that the child's pro-rata monthly expenses totalled $673.50, and that she and mother maintained a rather frugal life style, since mother's take-home pay was $817.20 per month.

Father applied for discharge from the military service in January, 1983, and was discharged in June 1983, a month prior to the hearing on mother's motion for increase. At the time of his discharge, he was earning approximately $18,000 per year, having served 15 years in the United States Air Force. Father testified at the hearing that he left the military in order to live with his parents and attend college full-time on the GI bill. He stated that, except for a part-time job that he planned

to secure, payments under the GI bill, amounting to $4,884 per year, including a dependent's allowance for his child, would provide his only income while he was in school.

The evidence also showed that father owed approximately $11,500 to various creditors, almost half of which was for a new car. Father testified that he would "take bankruptcy" if he were unable to secure a part-time job to meet these financial obligations.

The trial court found that mother had proved a change in circumstances so substantial and continuing as to make the existing order for support unconscionable. See § 14–10–122(1), C.R.S. Despite this finding, the court denied mother's motion for an increase in child support, finding that father, as a college student, could not afford any increase in his support payments.

■ A determination of child support is within the discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion. *Berge v. Berge*, 33 Colo.App. 376, 522 P.2d 752 (1974). Upon reviewing the record in this matter, however, we conclude that the court did abuse its discretion in denying mother's motion for an increase in child support by failing to apply the proper law.

■ One seeking to modify a child support order bears a heavy burden of proof. *In re Marriage of Corbin*, 42 Colo.App. 200, 591 P.2d 1046 (1979); *In re Marriage of Lodholm*, 35 Colo.App. 411, 536 P.2d 842 (1975). There must be a showing of changed circumstances so substantial and continuing as to make the terms of the original order unconscionable. Section 14–10–122, C.R.S.

In *In re Marriage of Hughes*, 635 P.2d 933 (Colo.App.1981), we held that the party seeking modification must present evidence concerning the criteria set forth in § 14–10–115(1), C.R.S. The factors stated in that statute are:

"(a) The financial resources of the child;

(b) The financial resources of the custodial parent;

(c) The standard of living the child would have enjoyed had the marriage not been dissolved;

(d) The physical and emotional condition of the child and his educational needs; and

(e) The financial resources and needs of the noncustodial parent."

The court must then determine whether the order in question is unconscionable, *i.e.,* not "fair, reasonable, and just." *In re Marriage of Carney,* 631 P.2d 1173 (Colo. App.1981). And, as we stated in *In re Marriage of Anderson,* 638 P.2d 826 (Colo. App.1981), "The issue is *not* whether, based on the current financial circumstances of the parties, the court would have awarded the same amount of child support as that incorporated in the original decree. Instead, the question on a motion to modify is different: Have the terms of the original award become unfair, *i.e.,* unconscionable." (emphasis in original)

■ It is undisputed that mother sustained her burden of proof pursuant to § 14–10–122(1) and § 14–10–115(1), C.R.S. *See In re Marriage of Klein,* 671 P.2d 1345 (Colo.App.1983). The trial court found that the prior child support order was unconscionable. Once that burden was met, the court was compelled to assess, based upon the reasonable needs of the child and ability of the father to pay, the amount, if any, of the increase. *Rapson v. Rapson,* 165 Colo. 188, 437 P.2d 780 (1968); *Berge v. Berge, supra.*

■ In its evaluation of "[t]he financial resources of the noncustodial parent," pursuant to § 14–10–115(1)(e), C.R.S., the trial court must consider the present earnings and assets of that parent. However, it must also consider the noncustodial parent's earning capacity. *Rapson v. Rapson, supra.*

The court here found that the child needed support of $250 per month, and that, had father been working, he could have afforded to pay that amount. But, based on father's status as a college student, it declined to award the needed support. This was an error of law.

■ Father's decision to leave the military and enroll in college does not preclude an increase in child support. Child support is to be based on father's demonstrated earning capacity, not merely his present income. *Rapson v. Rapson, supra; In re Marriage of McCarthy,* 533 P.2d 928 (Colo. App.1975) (not selected for official publication).

■ In balancing the choice between a father's desire for schooling against the need of his daughter for support to enable her to spend her formative years in more than a frugal life-style, the child's needs are the more compelling. Father's motives in voluntarily terminating his employment are not relevant to this determination. There was a reasonable inference from the evidence before the trial court that the father's military experience in computers qualified him for employment in the civilian market.

The order is reversed and the cause is remanded with directions to the trial court to enter an order increasing child support to the sum of $250 per month payable from May 4, 1983, the date of filing of mother's motion for modification of child support.

KELLY, J., concurs.

TURSI, J., dissents.

TURSI, Judge, dissenting.

I respectfully dissent.

The issue presented for review is whether the trial court abused its discretion in determining that the changes in circumstances, viewed in their totality, did not justify a modification in the existing child support order.

That issue must be addressed with the following principles in mind. Absent a clear abuse of discretion, a trial court's order of support is not to be disturbed on appeal. *Rhoades v. Rhoades,* 188 Colo. 423, 535 P.2d 1122 (1975); *In re Marriage*

*of Davis,* 35 Colo.App. 447, 534 P.2d 809 (1975). And, the person seeking modification of a support order has a heavy burden. *In re Marriage of Corbin,* 42 Colo.App. 200, 591 P.2d 1046 (1979).

In January 1983, three months before the filing of this motion for increase in child support, father applied for discharge from the military service so that he would be able to complete his college education prior to the expiration of his educational benefits under the GI Bill of Rights. The hearing on wife's motion was held shortly after his discharge and before he could seek employment.

At the hearing, father testified that he intended to reside with his parents while completing his college education in order to keep his personal expenses to a minimum. He also testified that he would seek part time work to supplement his income. Further, he stated that on the completion of his education, which he anticipated would be within two years, an increase in child support should be reconsidered.

Father does not seek to avoid the child support obligation imposed upon him while fully employed. Nor is there any evidence that father's decision to leave the military was based upon a disinclination to work or a desire to frustrate payment of child support.

It is true that a mere disinclination to work, no matter what the motive, will not relieve a noncustodial parent with established earning capacity from contributing to the support of dependent children. Thus, where trial courts have ordered noncustodial parents to pay support based upon existing earning capacity, we have consistently found such orders to be within the discretion. *Rapson v. Rapson,* 165 Colo. 188, 437 P.2d 780 (1968); *Berge v. Berge,* 33 Colo.App. 376, 522 P.2d 752 (1974).

Here, however, though father's partial unemployment is self induced, this is not dispositive. *In re Marriage of Carney,* 631 P.2d 1173 (Colo.App.1981). There is no evidence or purported finding that father's reason for leaving the army was because of a disinclination to work. Rather, the trial court's conclusions are consistent with father's reasonable desire to continue his education and enhance his earning capacity. *See* § 14–10–115(1)(e), C.R.S. *Cf. In re Marriage of Angerman,* 44 Colo.App. 298, 612 P.2d 1166 (1980). And, where no disinclination to work is found, the trial court in addressing a motion to modify a support order must base its determination on conditions as they exist at the time of the hearing. *In re Marriage of Serfoss,* 642 P.2d 44 (Colo.App.1981). Therefore, we must not substitute our findings of facts for those found or not found by the trial court. *Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979). And, a statement of the trial court taken out of context should not be used to impeach its final decision. Indeed, in cases of limited financial resources, when judged by need alone, few if any support orders are not "unconscionable."

Based upon the record before us, I perceive no abuse of discretion by the trial court in limiting the increase in child support to the cost of health and accident insurance premiums for the child as agreed to by the father. I would therefore affirm.