In re the MARRIAGE OF Franklin Manning WARD, Appellant,

and

Lola Lee Ward, Appellee.

No. 84CA0802.

Colorado Court of Appeals, Div. III.

Nov. 14, 1985.

Rehearing Denied Dec. 19, 1985.

Certiorari Granted April 21, 1986.

Franklin Manning Ward pro se.

Stephen R. Higgins, Englewood, for appellee.

METZGER, Judge.

Franklin Ward (husband) appeals from an order denying his motion to reduce spousal maintenance. We affirm in part and reverse in part.

In December of 1980, a decree of dissolution of marriage was entered and the trial court ordered husband to pay Lola Ward (wife) $400 per month maintenance. In January 1982, husband filed a motion to reduce maintenance to $250 per month. In February 1982, the court ordered a temporary reduction in the payment schedule and directed that the original schedule be reinstated in full when husband became employed. At that time, husband would be required to make temporary payments of $550 per month until the accumulated arrearages were satisfied.

In December 1982, wife filed a motion to increase maintenance since husband had obtained employment. The court ordered maintenance paid on an increasing scale: $300 for six months, then $500 per month until all arrearages were paid, and thereafter at the original rate of $400 per month.

Husband appealed, and in *In re Marriage of Ward,* 670 P.2d 1260 (Colo.App. 1983), we affirmed the trial court's order, concluding that the December 1982 order represented the mere enforcement, not a modification, of the unappealed February 1982 order.

This appeal involves another motion for reduction of maintenance filed by husband in March of 1984. After a hearing in May 1984, the court found that its original award of $400 per month for maintenance "is still an appropriate award of permanent spousal maintenance and that Respondent [wife] should not suffer ultimate financial loss because of the personal opportunity decisions made by the Petitioner [husband]." The court further found that husband should have an opportunity to start and develop his private law practice in Maryland. Thus, the court ordered spousal maintenance of $400 per month to be paid on an increasing scale: $250 for twelve months, $350 for twelve months, $400 for twelve months, and finally $500 per month until all deficiencies were paid. Thereafter, maintenance would continue at $400 per month.

The husband has failed to provide us with the record of the May 1984 hearing, and he does not allege that the court's findings of fact are unsupported by the record. Rather, he contends that the trial court misapplied the law by ordering, pursuant to § 14–10–122, C.R.S., temporary abatement of maintenance payments and setting out a specific repayment schedule. We agree.

In our view, § 14–10–122, C.R.S., does not authorize a court to abate maintenance payments. If the moving party meets the heavy burden of showing changed circumstances so substantial and continuing as to make the existing order unfair, unreasonable, and unjust, then the trial court should modify the order. *Malmgren v. Malmgren,* 628 P.2d 164 (Colo.App. 1981). Conversely, the order remains fixed if the trial court finds that the burden has not been met. To conclude otherwise would subvert the import of § 14–10–122, which is to maintain a fixed, ascertainable schedule of maintenance payments.

■ The trial court found that wife still required $400 per month maintenance. However, its order setting out a temporary reduced payment schedule implies a finding of husband's inability to pay that amount. Thus, the order is internally inconsistent when read in light of the guidelines of § 14–10–114, C.R.S.

■ A court must base its findings and orders on the needs and circumstances of the parties at the time of the hearing rather than on what those conditions might have been in the past or may be in the future. *In re Marriage of Serfoss,* 642 P.2d 44 (Colo.App.1982). In assessing those needs and circumstances, it should consider the parties' actual financial situation as well as their ability to earn. *See Rapson v. Rapson,* 165 Colo. 188, 437 P.2d 780 (1968). We note, as well, that § 14–10–122, C.R.S., requires proof of changed circumstances *so substantial and continuing* as to render the original order unconscionable.

The judgment is reversed and the cause is remanded for a new hearing on husband's motion to modify maintenance. In the interim, the order of $400 per month shall remain in effect.

ENOCH, C.J., and BABCOCK, J., concur.