**In re the Marriage of Kindra Lee EHLERT, Appellant,**

**and**

**Glenn Vanstone Ehlert, Appellee.**

**No. 93CA0032.**

Colorado Court of Appeals, Div. IV.

Jan. 27, 1994.

and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

Fahrenholtz & Riva, P.C., James E. Fahrenholtz, Avon, for appellant.

Worrell, Griffith & Durrett, P.C., Anthony J. Durrett, Glenwood Springs, for appellee.

Opinion by Judge JONES.

In this post-dissolution of marriage proceeding, Kindra Lee Ehlert (mother) appeals the order modifying the child support obligation of Glenn Vanstone Ehlert (father). We affirm.

The mother contends that the trial court erred in reducing the father's obligation based on his voluntary change of employment. We disagree.

As relevant to this appeal, provisions of a decree respecting child support may be modified only upon a showing of changed circumstances that are substantial and continuing. Section 14–10–122(1)(a), C.R.S. (1993 Cum. Supp.).

If a parent is voluntarily underemployed, child support must be calculated on the parent's potential income. Section 14–10–115(7)(b)(I), C.R.S. (1993 Cum.Supp.). However, under § 14–10–115(7)(b)(III), C.R.S. (1993 Cum.Supp.), a parent is not deemed underemployed if:

(A) The employment is temporary and is reasonably intended to result in higher income within the foreseeable future; or

(B) The employment is a good faith career choice which is not intended to deprive a child of support and does not unreasonably reduce the support available to a child.

Here, after the parties' 1991 dissolution of marriage, the father returned to college. He terminated his full-time employment and took part-time work to accommodate his school schedule. He intended to complete an advanced degree in about two years and expected a substantially greater income then. Based on those circumstances, the trial court properly determined that a modification of child support was justified and that the father should not be deemed underemployed.

Contrary to the mother's argument, a finding of unconscionability is no longer required for modification of child support. *See* § 14–10–122(1)(a), C.R.S. (1993 Cum.Supp.).

Further, we conclude that *In re Marriage of Mizer*, 683 P.2d 382 (Colo.App.1984), decided before § 14–10–115(7)(b)(III) was enacted, is not persuasive here as to the effect of father's reduced employment. In *Mizer*, the husband, unlike the one here, did not establish that the career change would result in a substantially higher income within a limited period of time, nor that the change was intended to, and would, result in a higher level of child support after employment in the new career.

Thus, the trial court did not err in entering its order, and the order is affirmed.

RULAND and VAN CISE,* JJ., concur.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–52–1105, C.R.S. (1988 Repl.Vol. 10B).