In re the **MARRIAGE OF Denis R. HUSTON, Appellee and Cross–Appellant,**

and

**Roberta A. Huston, n/k/a Roberta A. White, Appellant and Cross–Appellee.**

No. 96CA2228.

Colorado Court of Appeals, Div. IV.

March 5, 1998.

Rehearing Denied April 16, 1998.

Certiorari Denied Nov. 16, 1998.

Mark L. Finlayson, Colorado Springs, for Appellee and Cross–Appellant.

Warren, Mundt & Martin, P.C., Robert B. Warren, Colorado Springs, for Appellant and Cross–Appellee.

Opinion by Chief Judge HUME.

In this dissolution of marriage proceeding, Roberta A. Huston (wife) and Denis R. Huston (husband) both appeal the division of property in the permanent orders. We affirm in part, reverse in part, and remand for further proceedings.

The parties' seven-year marriage was dissolved in 1995. At the time of the separation, the parties had recently moved from Maryland to Colorado, a move prompted by the relocation of wife's employment. Husband was unemployed at the time of the separation, but had worked full-time in Maryland while attending law school at night,

and had passed both the Maryland and Colorado bar examinations.

Soon after they married, the parties purchased a house in Maryland using primarily wife's separate property as a down payment. Their second house was purchased in Colorado with a combination of the equity from the first house and the proceeds of the sale of stock purchased through wife's employer.

The trial court determined that the equity in the Colorado house was marital property and divided it equally. The court also equally divided the stock purchased through an employee stock purchase plan offered by wife's employer. However, because wife liquidated the stock during the dissolution proceedings, husband was awarded a credit for 50% of the value of the stock when liquidated, unless that value was less than the value of the stock on the date of the decree.

Another plan offered by wife's employer was an employee stock option plan. The trial court classified the stock options as marital property, whether vested or non-vested, and awarded husband 25% and wife the remaining 75% of the options. Only wife could exercise the options, and husband was restricted to one call per option. Jurisdiction over the stock options was reserved to resolve any disputes over value or distribution.

## I. STOCK OPTIONS

### A.

Wife contends that the trial court erred in classifying the non-vested and non-exercisable stock options as marital property. We agree.

Subject to certain exceptions that are inapplicable here, marital property is defined as all "property" acquired by either spouse subsequent to the marriage. Section 14–10–113(2), C.R.S.1997.

■ An employee stock option is a contractual right to purchase stock during a specified period at a predetermined price. A non-vested stock option is a mere expectancy and therefore not "property" because the holder has no enforceable rights. Vesting occurs when the employee has completed the minimum term of employment necessary for

him or her to be entitled to receive the benefit, whether or not the benefit has a readily ascertainable value or is subject to a substantial risk of forfeiture. Thus, a stock option might be deemed non-vested if the grant of the option were conditional. *In re Marriage of Miller,* 915 P.2d 1314 (Colo. 1996).

Here, the trial court originally concluded that the non-vested options were non-marital property and that the vested options were marital property. After the decision in *Miller* was announced, the trial court reconsidered the issue and held that any stock option granted in consideration of past services was marital property even if not yet vested.

■ Both decisions were erroneous. As we read *Miller,* the first determination to be made is whether a stock option is vested. If not vested, a stock option does not even constitute property. If it is vested, an option is property, and only then may it be classified as either marital or separate.

■ In our view, the options here in question became vested as of the date of dissolution to the extent that wife had completed the minimum term of employment that would entitle her to receive such options following the execution of each option agreement.

Since only a vested stock option is "property" subject to classification, determining whether a stock option was granted in consideration of past or future services comes into play only in the second step of ascertaining its marital or separate nature. *See In re Marriage of Miller, supra.* Thus, on remand, the trial court must first determine whether the stock options are vested, and then must classify as marital or separate only those options that are vested and divide any marital portions.

### B.

■ Next, wife contends that the trial court erred in reserving jurisdiction over the stock options, rather than simply dividing the vested options between the parties by using the valuation date of the decree. We disagree with this contention.

The issue of using reserved jurisdiction to distribute marital stock options was not addressed in *In re Marriage of Miller, supra.* However, in reciting the facts, the court did note that the trial court had retained jurisdiction to distribute the options because of the difficulty in determining their then present value.

■ This method of distribution has been endorsed for use in distributing retirement plans. In dividing marital assets, a trial court is not precluded from using different methods to distribute parties' pensions, and the method used to distribute a pension in effecting an equitable distribution lies within the court's sound discretion. *In re Marriage of Kelm,* 912 P.2d 545 (Colo.1996). We see no reason to apply a different rule to the distribution of stock options, once they have been classified as marital property.

Here, the trial court retained jurisdiction over the distribution and valuation of the options so that each party would "share in the risk of the fate of each of the options." Therefore, on remand, the trial court may use its discretion in again reserving jurisdiction or, if the distribution on remand warrants, use another form of distribution. *See, e.g., In re Marriage of Hunt,* 909 P.2d 525, 539 (Colo.1995)("A division of pension benefits on a net present value basis at the time of dissolution is appropriate, for example, in those cases where the value of the pension is small because the employee spouse has worked relatively few qualifying years during the marriage or the employee spouse earned a relatively low rate of pay.").

### C.

■ On cross-appeal, husband contends that the trial court erred in dividing the stock options. He argues that the court failed to consider his contribution to the acquisition of the stock options that he made by relocating from Maryland to Colorado to accommodate wife's job transfer. Furthermore, he argues that the trial court's finding that the parties contributed equally to the marriage, and the equal division of all other property and debt, was inconsistent with an unequal division of the stock options.

Even assuming that this issue will arise after the stock options are properly classified on remand, we perceive no error in an unequal division. The fact that the trial court chose to divide most of the property equally, upon a finding that the contributions to the marriage were equal, does not preclude an unequal division of the stock options. As we read the trial court's order, the reference to the equal contributions may have been limited to the division of the marital residence. The court then continued to divide property and debts equally, until it came to the stock options.

Inasmuch as this conclusion is supported by the evidence, it comports with the broad discretion granted the trial court to divide the marital property equitably. *See In re Marriage of Lodholm,* 35 Colo.App. 411, 536 P.2d 842 (1975)(statutory mandate to distribute property equitably does not require equality). Thus, on remand, after the vested stock options are properly classified, the trial court should divide any marital options equitably.

### II. STOCK SHARES

#### A.

■ Wife contends next that the trial court erred in classifying as marital property the stock acquired through the stock purchase plan. She argues that because the stock purchase was made through a payroll deduction, it constituted her compensation, and since both parties waived maintenance, her compensation somehow cannot be divided as property. This argument is misplaced.

Since marital property includes any property acquired during the marriage, § 14–10–113(2), it follows that any compensation acquired during the marriage is marital property. Maintenance, on the other hand, involves the ability to pay a spouse needing support, usually with compensation earned post-dissolution. *See* § 14–10–114, C.R.S. 1997. Thus, the fact that the parties waived maintenance has no bearing on the classification of the stock shares as marital property.

## B.

■ Wife also contends that, even if the stock shares did constitute marital property, the court erred in dividing some $19,000 worth of the shares. She argues that since the parties routinely cashed out shares to meet living expenses, there was nothing improper in her continuation of that practice even after the entry of the automatic temporary injunction against transferring property. Thus, she argues that the trial court should not have included the amount she cashed out in the amount of divisible marital shares. We disagree.

Here, the trial court specifically rejected this argument because the sale of the stock shares took place inconsistently, and was not used as income on a monthly basis. Instead, the court found that the parties intended to create a marital asset. Given that wife had already liquidated the stock shares, husband was given a credit for 50% of the value of the stock when liquidated.

Since an automatic temporary injunction enjoined both parties from transferring marital property, this was proper. See § 14–10–107(4)(b)(1)(A), C.R.S.1997. Therefore, the court properly credited husband with the amount of funds existing prior to wife's sale of the stock shares. See In re Marriage of Finer, 920 P.2d 325 (Colo.App.1996)(if marital funds are improperly dissipated by one of the parties, court may include their value in the division of marital property).

## C.

■ On cross-appeal, husband contends that the court erred in its valuation of the stock shares. He argues that instead of using the value of the stock shares when sold, the proper value should be the shares' highest price during the period of the dissolution proceedings. We disagree.

Generally, property must be valued as of the date of the decree or as of the date of the hearing on the disposition of property, whichever is earlier. Section 14–10–113(5), C.R.S. 1997. This provision is mandatory. However, where property is dissipated, in some cases it can be valued as of the time it existed. See In re Marriage of Finer, supra.

Here, since the stock shares lend themselves to a specific valuation as of the date of decree, it was proper to use the value as of that date. The trial court's alternative ruling that the shares could be valued at the time they were sold, if that value was higher than the value on the date of the decree, is proper under In re Marriage of Finer, supra. We find no support for husband's theory that wife was holding the shares as a constructive trustee and should, therefore, be liable for lost profits that husband could have realized.

## III. MARITAL RESIDENCE

■ Wife's next contention is that, in dividing the equity in the marital residence, the court erred in not considering her contribution of her separate property to its purchase. We disagree.

Section 14–10–113(1)(d), C.R.S.1997, provides that in determining a just distribution of the marital estate, the court may consider the depletion of separate property for marital purposes. In re Marriage of Burford, 950 P.2d 682 (Colo.App.1997). Under § 14–10–113(1)(a), C.R.S.1997, the court may also consider the contributions of the parties to the acquisition of marital property. In re Marriage of Wildin, 39 Colo.App. 189, 563 P.2d 384 (1977).

Here, we perceive no abuse of discretion in the equal division of the marital residence. The court found that the contributions of the parties, while different in character, were approximately equal. This reflects an appropriate consideration of the statutory factors in § 14–10–113(1).

## IV. WITHDRAWAL OF MARITAL FUNDS

■ On cross-appeal, husband contends that the trial court erred in giving wife a $5000 credit when he asserts he withdrew only $3000 from the marital bank accounts, and used the funds to pay marital debt and his expenses while unemployed. We agree.

Since the evidence does not support the finding that husband withdrew $5000, this issue must be reconsidered on remand. See In re Marriage of Sim, 939 P.2d 504 (Colo.

App.1997)(only if order is supported by competent evidence should it remain undisturbed on review). Furthermore, the trial court must determine whether husband's dissipation of funds was improper before granting an offset. *See In re Marriage of Finer, supra.*

### V. WIFE'S BONUS

Husband's final contention on cross-appeal is that the trial court erred when it classified wife's year-end bonus as her separate property. Again, we agree.

■ Marital property subject to division generally does not include property acquired after a dissolution. However, compensation which is deferred until after the dissolution, but fully earned during the marriage, is marital property. *In re Marriage of McElroy,* 905 P.2d 1016 (Colo.App.1995).

Here, wife testified that she received an award in March 1995 for her performance in 1994. In order to receive the award, wife had to be in an eligible position at the end of 1994 as well as at the time the award was granted during the first quarter of 1995. The trial court held that because it was compensation, it was not marital property subject to division.

■ Since the decree entered in January 1995, the award compensating wife for her performance in 1994 is marital property. The trial court's conclusion that the award was compensation does not, by itself, support the order classifying it as separate property. Compensation is separate property only if earned after the dissolution. Since the award here was earned during the marriage, the trial court shall, on remand, reclassify the award as marital property, and divide it equitably. *See In re Marriage of Lodholm, supra.*

The judgment is reversed as to the division of the stock options and bonus and the $5000 credit awarded wife, and the cause is remanded for reconsideration of these matters in accordance with this opinion. The remainder of the judgment is affirmed, but the trial court on remand may, in its discretion, re-

evaluate the entire property division in order to achieve an equitable distribution.

NEY and RULAND, JJ., concur.