*In re* MARRIAGE OF JANICE MARSH *et al.*—(JANICE MARSH, Petitioner-Appellant, *v.* FREDERICK E. MARSH, Respondent-Appellee.)

Fourth District   No. 14853

Opinion filed October 6, 1978.—Rehearing denied November 8, 1978.

Hatch & Baker, of Champaign, for appellant.

Rosenberg, Rosenberg, Bickes & Johnson, Chartered, of Decatur, for appellee.

Mr. PRESIDING JUSTICE GREEN delivered the opinion of the court:

On December 27, 1977, a decree was entered in the circuit court of Douglas County dissolving the marriage of petitioner Janice Marsh and respondent Frederick E. Marsh, providing for the custody of their children, dividing their property and awarding petitioner child support and maintenance. Petitioner appeals from the portion of the decree awarding respondent an 8-acre tract of land. Respondent cross-appeals from the award of maintenance to petitioner.

Petitioner asserts that (1) the trial court's application of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 101 *et seq.*) to the disposition of property deprived her of due process of law, (2) she was the beneficiary of a resulting trust of the 8-acre tract, (3) the court's finding that respondent had repaid her for money she advanced to buy the tract was contrary to the manifest weight of the evidence, and (4) respondent should not have been permitted to introduce evidence of repayment because he had not pleaded it. Respondent maintains that no proper showing was made that petitioner was entitled to maintenance.

The new act took effect on October 1, 1977. Section 801(b) of that act (Ill. Rev. Stat. 1977, ch. 40, par. 801(b)) requires that issues pending in the trial court on that date shall be decided according to the Act. Here, the complaint had been filed on March 22, 1977, but no hearing on the merits was held until October 7, 1977, and a written judgment order was filed thereafter. Petitioner's due process argument is that operation of the new law unconstitutionally deprives her of special equities in the 8-acre tract which she would have had if the marriage had been terminated and property distributed under prior law.

● 1 The same argument based upon similar facts was rejected by the supreme court in *Kujawinski v. Kujawinski* (1978), 71 Ill. 2d 563, 376 N.E.2d 1382. The court noted that under neither the old law nor the new does the statute purport to affect the property rights of a party to a marriage until that marriage has been dissolved by the court. They also noted that the old law provided that a party's property could be invaded upon a grant of divorce for the purpose of recognizing special equities in the property or to award alimony in gross. They reasoned that the new provisions permit the court, upon dissolution of a marriage, to give one party's property to the other in similar ways. The court concluded that the new procedures merely "enhanced a remedy already available to the non-property-owning spouse" under the old law (71 Ill. 2d 563, 575, 376

N.E.2d 1382, 1388) and thus did not deprive a party of due process. The trial court properly applied the new law to the distribution of property here and petitioner was not deprived of due process.

The 8-acre tract was purchased under a contract which provided that title be taken in the name of respondent. That petitioner advanced the sum of $12,243.68 toward the payment of the purchase price is not disputed. The court awarded the tract to respondent on its finding that he had repaid petitioner that sum of money. Respondent testified to delivering $10,000 toward the repayment to petitioner in the last few days of 1975 or the first few of 1976. He had no records to support this other than a cancelled note given by him to a bank in January 1976. He stated that the money was used for the first payment on a contract of purchase for an adjoining 16-acre tract which was awarded to petitioner.

■ Petitioner, on the other hand, denied receiving the money. Her records, introduced into evidence, indicated that she placed $9000, given to her by her parents, into her personal savings account and on December 30, 1975, placed it in a joint account of the parties. On that same day she wrote a check for a $10,000 initial payment on the 16-acre tract. However, no ledger of the joint account was produced and without it no conclusive showing could be made as to whether both petitioner's $9000 and respondent's $10,000 had been placed in the joint account before the $10,000 check for the down payment on the 16-acre tract had been made. The trial court's finding of repayment was not contrary to the manifest weight of the evidence.

Petitioner's assertion that repayment should have been pleaded is based upon section 43(4) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 43(4), made applicable to procedures under the Marriage and Dissolution of Marriage Act by section 105 of that Act (Ill. Rev. Stat. 1977, ch. 40, par. 105). Section 43(4) requires any affirmative defense such as payment to be "plainly set forth in the answer or reply."

■ The instant case was initiated by petitioner's complaint for separate maintenance. After various pleadings and counterpleadings, petitioner was permitted to file an amended count III, to which respondent filed no counterpleadings, and the parties went to hearing on that count although no issue had been drawn by the pleadings. In *Beck v. Capitol Life Insurance Co.* (1977), 48 Ill. App. 3d 937, 363 N.E.2d 170, the appellate court ruled that the circuit court did not err in finding affirmative defenses of waiver and estoppel to exist even though not pleaded where the party against whom the defenses were applied was not taken by surprise and had not objected to the evidence. Here, respondent's counsel made reference to repayment in his opening statement and when evidence of repayment was received made no objection that the issue of repayment was not before the court. Because those factors are coupled with the apparent acquiescence of the parties in the proceeding without

responsive pleading by respondent, we rule that the trial court did not err in basing its decision on a theory of repayment.

Had the special equities rule been in force at the time of decree, the court's finding that repayment occurred would have precluded an award of the 8-acre tract to petitioner (see *Everett v. Everett* (1962), 25 Ill. 2d 342, 185 N.E.2d 201). That same finding precludes the imposition of a resulting trust on the tract in petitioner's favor because the finding negates the claim that the property was purchased in respondent's name but with the money of petitioner under circumstances where no gift is presumed. See *Wright v. Wright* (1954), 2 Ill. 2d 246, 118 N.E.2d 280.

The trial court did not say whether he considered the 8-acre tract to be marital or nonmarital property. If it was nonmarital property, any claim of petitioner's would be based upon the advancement of funds from nonmarital property. This theory is defeated by the finding of repayment which we have determined to have been sufficiently supported by the evidence. If it was marital property, the totality of the evidence in the light of the factors to be considered in making distribution of marital property as set forth in section 503(c) of the Act (Ill. Rev. Stat. 1977, ch. 40, par. 503(c)) indicates that the court did not abuse its discretion in awarding this property to respondent.

■■ The maintenance award ordered respondent to pay petitioner $500 per month for two years so that petitioner could pursue her educational goals. She had a bachelor's degree in the field of zoology which she had obtained in 1959 but had never worked in that field nor had she had substantial employment since her marriage. She wished to study for a master's degree in library science where the employment opportunities were much greater. Section 504 of the Act (Ill. Rev. Stat. 1977, ch. 40, par. 504) provides for awards of maintenance. It states that when a party is "otherwise without sufficient income," an award may be made for "the time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment." Here, although petitioner would have some income, its amount was uncertain and could have made it difficult for her to pursue her training in reasonable comfort. The respondent was well able to pay the maintenance. Her proposal to obtain additional education appeared to be a reasonable plan to make her self-sufficient. The trial court did not abuse his discretion in awarding the maintenance.

For the reasons stated, the order of the trial court is affirmed in all aspects from which appeal and cross-appeal is taken.


Affirmed.


MILLS and TRAPP, JJ., concur.