In re the MARRIAGE of Charles Alan
ANGERMAN, Appellant,

and

Mary Susan Angerman, Appellee.

No. 79CA0271.

Colorado Court of Appeals,
Div. III.

May 22, 1980.

Robert C. Wilson, Lakewood, for appellant.

No appearance for appellee.

PIERCE, Judge.

In this dissolution of marriage action, husband appeals from those portions of the judgment relating to property division and maintenance. We affirm.

### I.

■ The division of marital property is a matter committed to the sound discretion of the trial court, and will be altered on review only if that discretion has been abused. *In re Marriage of Graham*, 194 Colo. 429, 574 P.2d 75 (1978). Here, the parties physically divided the marital property at the time of separation and listed the estimated value of each item of property. At the time of the hearing before the trial court, both parties agreed that they had received the property which they desired; however, wife asserted that the dollar values placed on the items had been dictated by the husband and that they were incorrect. She asserted that as a result, husband received property with a significantly greater value than that which she received.

Based upon conflicting testimony, the trial court found the property in the possession of the husband had a value of $9,722 and the property in the possession of the wife had a value of $3,875. The court further found that there were marital debts in the amount of $7,275.92. Based upon its additional finding that during the course of the marriage approximately 80% of the total family funds came from the income producing activities of the wife, the trial court determined that the wife was entitled

to receive property with a net value of $4,425, and that the husband was entitled to receive property with a net value of $1,896.

■ Accordingly, the trial court ordered that each party retain the property in their possession, that husband assume responsibility for the marital debts, and that husband pay to wife the sum of $550.

We find sufficient evidence in the record to support the trial court's findings, and, in light of those findings, we find no abuse of discretion in the division of property as ordered by the trial court. *In re Marriage of Schulke*, 40 Colo.App. 473, 579 P.2d 90 (1978).

## II.

■ Husband also contends that the trial court erred in ordering that husband pay wife maintenance in the sum of $200 per month while wife is matriculating in a masters degree program at an accredited institution, but not to exceed 18 months. This schooling had to be completed within a two year period.

Husband contends that § 14–10–114(1), C.R.S.1973, which permits an award of maintenance only if there is a finding that the spouse seeking maintenance "[i]s unable to support himself through appropriate employment" precludes any award of maintenance in this case because at the time of the hearing wife had full-time employment as a keypunch operator.

In its findings, the trial court stated that: "[T]he husband devoted his primary efforts toward completing his college education and training, obtaining a Bachelor's Degree in June 1976 and his teaching certificate in November 1977, while the wife applied herself to the more mundane affairs of life by assuming and fulfilling the role as the principal income producer for the family, including training and employment as a keypunch operator. Although not initially but at some point in time during the marriage not clearly defined, it was the understanding of the parties that once the husband became certified as a teacher, the roles would be switched with husband assuming the principal burden of financial support so the wife could return to college for graduate work in music looking toward a career in opera or as a teacher."

The trial court then found that it was the intent of the parties during the marriage that "appropriate employment" for wife would be a career in opera or in the teaching of music, that wife's employment as a keypunch operator was considered by the parties to be a temporary pursuit dictated by the financial needs of the husband's education, that appropriate employment for wife required that she obtain an advanced degree, and that financial assistance in the form of temporary maintenance from the husband was required in order for her to obtain such a degree.

In view of these findings, we hold that the trial court properly applied the provisions of § 14–10–114, C.R.S.1973, to the facts of this case. Considering the intent of the parties as found by the trial court, as well as the contributions of the wife to the education of the husband, we find no abuse of discretion in the trial court's award of temporary maintenance. *In re Marriage of Graham, supra.*

We find no merit in husband's additional contentions of error.

Judgment affirmed.

BERMAN and VAN CISE, JJ., concur.