**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**David Lee BENNS, Defendant-Appellant.**

**Nos. 80CA0380, 80CA0750.**

Colorado Court of Appeals, Div. III.

Nov. 12, 1981.

Rehearing Denied Dec. 17, 1981.

Certiorari Denied Feb. 16, 1982.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Nathan B. Coats, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Barbara S. Blackman, Deputy

David C. Backstrom, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellant.

Thomas A. Miller, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BRYNER, C. J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

On March 27, 1981, Charles A. Griffith was convicted by a jury of robbery in the first degree, AS 11.41.500. He has appealed that conviction and the resulting sentence. That appeal is pending and is not yet ripe for decision and consequently, it will not be addressed in this opinion. The sole issue before us now concerns Griffith's challenge to an order denying him bail both pending sentencing and after sentencing pending a determination of his merit appeal. These issues are appealable apart from the appeal on the merits. *See* AS 12.30.030(b) which provides in relevant part:

> When a court denies a motion under (a) of this section [a motion for release from pretrial or post-conviction detention] or conditions of release have been imposed by the court having original jurisdiction over the offense, an appeal may be taken to the court having appellate jurisdiction over the court denying the motion or imposing the conditions subject to the rules of the Supreme Court of Alaska, and the District Court Rules of Criminal Procedure. The order of the lower court shall be affirmed unless it is found that the lower court abused its discretion. If it is held that the lower court did abuse its discretion, the appellate court may modify, vacate, set aside, reverse, remand the action for further proceeding, or remand the action directing entry of the appropriate order, which may include ordering the person to be released under AS 12.30.020(a). The appeal shall be determined promptly.

The supreme court has implemented this statute by the adoption of two appellate rules: Rule 206(b)[1] and Rule 207.[2]

The trial court denied bail in reliance on AS 12.30.040(b).[3] In this appeal, Griffith challenges the constitutionality of AS 12.-30.040(b) alleging that it violates the equal protection clauses of the federal[4] and state[5] constitutions. We agree and reverse. While Griffith's federal challenge is dispositive, we nevertheless construe the Alaska Constitution as well in the event that intervening federal authority might otherwise require further proceedings.

1. Appellate Rule 206(b). Stay of Execution and Release Pending Appeal in Criminal Cases:

> (b) *Release Pending Appeal.* When an appeal on the merits is pending, an appeal under AS 12.30.030(b) from an order refusing bail pending appeal or imposing conditions of release pending appeal shall be in the form of a motion filed in the merit appeal. The motion shall comply with Rule 503, and shall contain specific factual information relevant to the factors set forth in AS 12.30.020(c), including but not limited to the following:
> (1) The full name of the appellant, the trial court docket number of the case, the offenses of which the appellant was convicted, the date of sentencing, and the complete terms of the sentence;
> (2) That application for release pending appeal has been made to the trial court, the reasons given by the trial court for denying the application in whole or in part, and facts and reasons demonstrating why the action of the trial court on the application was erroneous or an abuse of discretion;
> (3) A concise statement of the question or questions to be raised on the appeal with a showing that the question or questions were raised in the trial court;
> (4) Family: marital status; length of marriage; children, and their ages; other relatives in the area of residence;
> (5) Employment and financial circumstances: name of employer at time of arrest and during pre-trial release; type of work; how long so employed; any offer or promise of employment if released pending appeal; assets of the appellant or of relatives or friends relevant to the ability to post money bail;
> (6) Health: history of mental illness, alcoholism, or addiction to drugs, if any;
> (7) Residence: length of residence in the city or town in which the appellant resided at the time of arrest;
> (8) Criminal history: criminal convictions within ten years prior to the present arrest; if the appellant has ever forfeited bail, or had release, probation, or parole revoked, the date, the name and location of the court, and a brief description of the circumstances; whether the present offense was committed while the appellant was on bail or other release or on probation or parole; any other criminal charges pending against the appellant at the time the motion is filed.
> (c) The decision of the court of appeals on an application under this rule is a "final decision" within the meaning of Rule 302. (Supreme Court Order 439 effective November 15, 1980)

2. Appellate Rule 207. Appeals Relating to Release Prior to Judgment:

> An appeal authorized by AS 12.30.030(b) or AS 12.30.040, relating to the release of a criminal defendant prior to the entry of final judgment, shall be determined promptly. The appeal shall take the form of a motion and shall comply with Rules 206(b) and 503. The appellee may respond as provided in Rule 503(d). The court of appeals or a judge thereof may order the release of the appellant pending such an appeal. The decision of the court of appeals on such an appeal is a "final decision" within the meaning of Rule 302. (Supreme Court Order 439 effective November 15, 1980)

3. This provision is best understood when read in the context of the entire statute, AS 12.30.-040:

> *Release after conviction.* (a) A person who has been convicted of an offense and is awaiting sentence, or who has filed an appeal shall be treated in accordance with the provisions of AS 12.30.020 unless the court has reason to believe that no one or more conditions of release will reasonably assure the appearance of the person as required or prevent the person from posing a danger to other persons and the community. If that determination is made, the person may be remanded to custody. This section does not affect the right of a person appealing from a judgment of conviction from a district court to the superior court to be released on bail pending appeal under Rule 2(c) of the District Court Rules of Criminal Procedure.
> (b) Notwithstanding the provisions of (a) of this section, if the offense a person has been convicted of is murder in the first degree, robbery in the first degree, kidnapping, or sexual assault in the first degree under AS 11.41.410(a)(1), he may not be released on bail either before sentencing or pending appeal.

4. U.S.Const. amend. XIV, provides in part that no state may "deny to any person within its jurisdiction the equal protection of the laws."

5. Alaska Const. art. 1, § 1, provides in part, "that all persons are equal and entitled to equal rights . . . ."

improper. While maintenance in gross is not favored, nevertheless, in a proper case it may be awarded. *Carlson v. Carlson*, 178 Colo. 283, 497 P.2d 1006 (1972). Thus, there was no error here in and of itself because the award of maintenance was in gross.

In *In re Marriage of Graham*, 194 Colo. 429, 574 P.2d 75 (1978), the Supreme Court disapproved of treating an education as property subject to division, but pointed out that:

"A spouse who provides financial support while the other spouse acquires an education is not without a remedy. Where there is marital property to be divided, such contribution to the education by the other spouse may be taken into consideration by the court .... Further, if maintenance is sought and *a need is demonstrated*, the trial court may make an award based on all relevant factors." (emphasis added)

We interpret the phrase "a need is demonstrated," in the above quotation as referring to the statutory prerequisites that must be met before a court may award maintenance. Section 14–10–114(1), C.R.S. 1973, provides that maintenance is awardable if the court finds the spouse seeking maintenance:

"(a) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs; and (b) Is unable to support himself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the house."

■ Considering this statute and the Supreme Court's language in *Graham, supra*, we conclude that a trial court may use an award of maintenance as a tool to balance equities and compensate a spouse whose work has enabled the other spouse to obtain an education; however, this tool is available for use only where the spouse seeking maintenance meets the statutory threshold requirements of need. Here, because the wife was employed and earning nearly as much as the husband, she does not clear the statutory threshold of need so as to be eligible for an award of maintenance.

■ Rather than simply mandating a reversal of this award of maintenance, however, the facts of this case and the findings of the trial court require that we remand the cause to that court for further proceedings concerning the property division. We do this because matters of maintenance and property division are inextricably interwoven, *Carlson v. Carlson, supra*, and the trial court clearly evidenced an intent to recognize the wife's contribution to her husband's education, but that intent was thwarted because of the statutory prohibition against an award of maintenance to one who does not demonstrate need. Finally, we observe that the statutory admonition to divide property "equitably" does not require an equal division. *In re Marriage of Lodholm*, 35 Colo.App. 411, 536 P.2d 842 (1975).

The husband's other contention of error, which relates to the valuation of items of property, is without merit. *In re Marriage of Angerman*, Colo.App., 612 P.2d 1166 (1980).

The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

COYTE and KIRSHBAUM, JJ., concur.