## No. 17,701.

MURRELL COLLINS HIZEL *v.* CARL HIZEL.

(288 P. [2d] 354)

Decided October 3, 1955. Rehearing denied October 24, 1955.

Mr. ARTHUR W. BURKE, JR., Mr. GEORGE K. THOMAS, for plaintiff in error, Mr. KENNETH A. SELBY, of counsel.

Messrs. KRIPKE & McLEAN, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

DEFENDANT in error, as plaintiff, about five months after his marriage to defendant, now plaintiff in error, filed an action for divorce on the grounds of cruelty.

We are constantly disturbed in being compelled to study the record in many cases filed in this court to determine the inaccuracies found therein, and to check loose and careless statements of counsel concerning the record. The record herein presents an example. The first page discloses that a transcript from the county court was filed presumably in the district court, although that is not to be ascertained from the record. The next entry shows filing in the district court on December 14, 1954, followed by filing in the county court on December 13, 1954. In any event, a complaint in divorce was filed and summons issued from the county court and an answer and counterclaim filed on December 13, 1954. Then follows various motions — for restraining order, motion for judgment and for temporary alimony, attorney's fee and suit money. Some of these matters seem to have been determined by a visiting county judge and others by a judge of the Denver district court.

In plaintiff in error's statement we find: "On December 17, 1954, the husband filed a motion to vacate the foregoing restraining order * * *." The record discloses that on December 17, 1954, the husband filed a motion for a restraining order and to vacate the premises, and not a motion to vacate a restraining order. These inaccuracies are inexcusable and increase our burden. We, on an uncertain basis, assume that there was, for some reason, an order for transfer of this case from the county court into the district court and the writ of error procured from this court runs to the district court. It further is shown that a county judge, sitting as one of the district judges, determined some early matters in the case. The writ of error is to review the action of the district court in not making certain interlocutory orders concerning alimony, and the court's failure to recognize and give effect to a claimed stipula-

tion and agreement concerning alimony. In a sense some of the orders involved, concerning alimony, have such finality that, strictly speaking, they are orders, and judgments thereon to which a writ of error may lie; however, it is more desirable that these matters await final disposition of the case on its merits. As was well stated by the trial court: "Each party is financially able to get along, both claim they don't have enough. That is a common complaint, married or unmarried. Each has enough to sustain themselves. If temporary allowances were made it would delay getting the thing at issue and I think it should be tried on the merits and a jury should decide if anybody is guilty of the various offenses in the deposition. Then, time enough for the court to decide what, if any, alimony, support money or property settlement should be made between the parties."

Thus viewing the situation, the trial court overruled all motions presented by both parties, which action of the court precipitated this writ of error.

During the pendency, counsel, in open court, made the following oral stipulation:

"Mr. Burke: Your Honor, we've entered into a stipulation in this case whereby the defendant is to remove herself from the house within seventy-two hours from this date and time, 11:00 o'clock A.M., the 21st day of December, so that she will be moved from the house by the 24th day of December at 11:00 o'clock with all her effects, but he is to pay an unspecified sum for her temporary maintenance and support.

"The Court: All right. * * *

"Mr. Cohen: But it is further understood that none of the amounts shall at any time be entered of record, so that the Court, if and when it becomes necessary, may be free to set its own amount without respect to amounts stipulated by counsel."

The unspecified amount of money mentioned turned out to be $150.00 paid by defendant, through his attorney, to plaintiff, who now claims that this was a stipulation

and agreement for the payment of $150.00 per month. There is no basis for such contention, and no such contract and agreement can be spelled out of the record. As the trial court aptly said concerning the oral stipulation and the unspecified amount which turned out to be $150.00: "The $150.00 could have been entire consideration for her getting out in seventy-two hours. It might have been $500.00 instead of $150.00 * * *." This is a true and accurate appraisal of the record as made.

It is the contention of defendant in error that there never was an agreement to pay $150.00 a month as temporary support money; and further, that even if there was such an agreement, the trial court, nevertheless, was free to set its own amounts or to deny payment of support money entirely. Both contentions are sound, and, according to the rule established by this court years ago in the case of *Hobbs v. Hobbs,* 72 Colo. 190, 210 Pac. 398, wherein the court said, "* * * while courts generally adopt such contracts they are not bound to do so."

For the reasons stated, it appears that the issuance of a writ of error herein was premature. The trial court properly denied the motions presented by both parties, apparently on the theory that when the case was heard on its merits the matter of alimony could more satisfactorily be determined. The trial court was right also, in excluding the tender of evidence to show that the $150.00 was intended to be the first monthly instalment, and in denying the wife's motion for judgment for the cumulated amount. This was no invasion of the claimed right to rely upon contractual rights, because the oral stipulation did not come within the rule laid down in *Hall v. Hall,* 105 Colo. 227, 97 P. (2d) 415. There a formal written agreement was entered into by the parties, which by its terms settled and adjusted all property rights arising out of the marriage and calmly executed by the parties the day preceding the entry of the court's finding wherein the court made this executed settlement of property rights a part of its final decree

and retained jurisdiction of the subject matter for the sole purpose of enforcing the executed agreement.

The matters and things prayed for herein by plaintiff in error are denied, the writ of error is dismissed and the cause is remanded to the trial court for determination upon the merits, including the matter of alimony, if then presented.

Mr. Chief Justice Alter concurs in the result.