522 P.2d 125 (1974)
James H. McMILLION, Plaintiff-Appellee,
v.
Bernice D. McMILLION, Defendant-Appellant.
No. 73-200.
Colorado Court of Appeals, Div. I.
May 7, 1974.
*127 Agee & Fann, Ron E. Ewing, Colorado Springs, for plaintiff-appellee.
Michael J. Wood, Colorado Springs, for defendant-appellant.
Not Selected for Official Publication.
PIERCE, Judge.
In March of 1968, plaintiff (husband) filed an action for divorce on the grounds that the parties had lived separate and apart for a period of three consecutive years by force of a separate maintenance decree entered in March of 1965. The parties had entered into a separation agreement which had been incorporated into that decree. The agreement provided in pertinent part:
"Wife hereby agrees to accept and husband hereby agrees to pay to wife as alimony the sum of $105 per month. Husband is presently drawing a quarters allowance from the United States Air Force and in the event said allowance ever exceeds $105 per month, husband shall pay wife in addition the difference between his quarters allowance and $105 per month so long as there exists such excess."
The agreement further recited that
"It is the desire of husband and wife to fully settle and determine for all time their respective property rights and financial obligations, each to the other, during their lifetime . . . ."
and that
"Except as otherwise herein expressly provided, husband and wife shall and do hereby mutually release and discharge each other from any and all actions, suits, debts, claims, demands and obligations whatsoever, both in law and in equity, upon or by reason of any matters, causes or things up to and including the date of execution of this stipulation and agreement."
A decree of divorce was entered in favor of husband in January of 1971. Wife appealed and this court reversed and remanded for new trial in order to give her an opportunity to appear personally and testify as to alimony matters. Upon retrial, testimony was taken from wife on the issue of the amount of alimony, if any, to be awarded pursuant to the law in effect at the time the action was commenced.[1] She requested that the separation agreement be incorporated into the final decree of divorce. Husband objected to the incorporation on the grounds that the alimony portion of the agreement was intended to be effective only so long as he continued to draw the housing allowance and that the allowance had terminated upon the effective date of the divorce decree.
The trial court agreed with husband's interpretation of the agreement, but also found that even if the agreement had extended the husband's obligation beyond termination of the housing allowance, it would have been unconscionable and therefore, unenforceable. The trial court *128 refused to incorporate the agreement into the final decree of divorce and further refused to enter an award of alimony independent of the agreement.

I
We begin by noting that the question before the trial court was not the enforcement of the original decree for separate maintenance into which the agreement had been incorporated. The termination of the separate maintenance decree (which resulted from the entry of the divorce decree, see C.R.S.1963, 46-2-6) did not extinguish the agreement between the parties. It is true that the agreement was "merged" into the decree while the decree was enforceable and that contempt was the only remedy for breach during that time. Lay v. Lay, 162 Colo. 43, 425 P.2d 704; Gavette v. Gavette, 104 Colo. 71, 88 P.2d 964. However, the termination of the separate maintenance decree removed only the contempt procedure for enforcement.

II
We turn, then, to the issue of the proper construction of the agreement in this case. The trial court, in effect, found that the husband's eligibility for the housing allowance was a condition precedent to his obligation to make the $105 monthly payment. The intention to create a condition in a contract must appear expressly or by clear implication. Ilfeld Co. v. Taylor, 156 Colo. 204, 397 P.2d 748. Giving effect to all of its provisions, the language of this agreement does not show such an intent to condition husband's payment of alimony upon his Air Force housing allowance income. See Kugel v. Young, 132 Colo. 529, 291 P.2d 695. While it may well have been the understanding of the parties that the probable source of the alimony payments would be husband's housing allowance from the Air Force (at least until divorce), the agreement is unambiguous in imposing on him the unconditional obligation of paying $105 per month. The language of the payment provision, when considered in view of the recitation of the intent of the parties to settle their financial obligations for all time, indicates their intent to establish $105 per month as a floor for the support of the wife with the amount to be increased only in the event that the housing allowance was greater than $105. We conclude that the trial court erred in construing the eligibility of husband to receive a housing allowance to be a condition precedent to his obligation to make the $105 payment.

III
The contract before us was intended to settle the financial obligations of the parties "during their lifetime," and the parties mutually released all claims outside the agreement. Under these circumstances, the trial court was not free to re-write the contract.
The question is then presented as to whether the trial court was required to incorporate the agreement into the divorce decree. We conclude that it was.
While the earlier cases may have indicated a contrary policy, see Hobbs v. Hobbs, 72 Colo. 190, 210 P. 398, and Hizel v. Hizel, 132 Colo. 379, 288 P.2d 354, the policy of this state as to this question had been clearly enunciated prior to the trial of the instant action. Our Supreme Court stated in Irwin v. Irwin, 150 Colo. 261, 372 P.2d 440,
"The husband and wife were competent to enter into a binding contract settling all of their own differences and fixing the rights and duties of each toward the other. Clearly the parties substituted contractual rights and duties for claimed rights and duties which were then the subject of litigation and undetermined.
"Constitutional provisions inhibit the passage of any law impairing the obligation of contracts. A fortiori the judiciary cannot relieve parties to a fair and *129 binding contract from the obligations thereof, or deny them the rights granted. The order of the court [modifying the agreement of the parties] ignores the solemn and binding contract of the parties, a contract the manifest purposes of which were to avoid the courts and determine their affairs by mutual agreement."
The court confirmed this policy in Newey v. Newey, 161 Colo. 395, 421 P.2d 464 and 422 P.2d 641, where it further stated:
"The [trial] court, in determining the pecuniary provision for the wife upon granting a decree of divorce to her, has no right to disregard a previous contract free from fraud, collusion, or compulsion, and fair to her, entered into between her and her husband in contemplation of a divorce, settling and adjusting all their property rights, including dower, alimony, and support."
While Newey and Irwin apparently involved attempts to modify agreements already approved by the trial court, the reasoning in those opinions applies to the present question. Parties may, for good consideration, settle their financial obligations and a wife may surrender her right to alimony in return for a fixed periodic payment in lieu of alimony. International Trust Co. v. Liebhardt, 111 Colo. 208, 139 P.2d 264. Similarly, a husband in the same agreement may waive his opportunity for variation of the amount of the payments which would normally be available to account for changed circumstances. Lay v. Lay, supra. In the absence of fraud, collusion, compulsion or unconscionability, where the parties enter into such an agreement in order to avoid litigation, it should be approved by the court, as it would be in an action at law on contract. See H. Clark, Domestic Relations 550-51.
The trial court made an oral finding that the agreement was unconscionable. We can find no support in the record for such a conclusion. It is not contended by husband that any fraud was perpetrated upon him or that he was in any way compelled to enter into this agreement. Furthermore, there is no indication in the record that he did not understand the terms of the agreement or that he was inadequately represented by counsel when the agreement was executed. In order to support a finding of unconscionability, there must be evidence in the record of some overreaching on the part of one of the parties such as that which results from an inequality of bargaining power or under other circumstances in which there is "an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party." Williams v. Walker-Thomas Furniture Co., 121 U.S. App.D.C. 315, 350 F.2d 445, 18 A.L.R.3d 1297. At most, the agreement before us may have been entered into improvidently by the husband.
Finally, husband argues that the agreement is subject to modification for changed circumstances. The change asserted here is the loss of the housing allowance and the fact that now the husband will have to pay out of his own pocket. Such change of circumstances was easily within the contemplation of the parties at the time of the making of the agreement. Had they intended to account for this possible eventuality in the agreement, they could have done so. Modification without the consent of both parties or in the absence of a provision of the agreement permitting modification is not allowed. See Lay v. Lay, supra.
Judgment is reversed and the case is remanded for amendment of the judgment not inconsistent with this opinion.
SMITH and RULAND, JJ., concur.
NOTES
[1] This action arose before the effective date of the Uniform Dissolution of Marriage Act and, as provided for in that act, is governed by the law in effect when the action was commenced. 1971 Perm.Supp., C.R.S.1963, 46-1-33.