541 P.2d 1274 (1975)
In re the MARRIAGE OF Walter ANDERSON, Petitioner-Appellant, and
Frances Anderson, Respondent-Appellee.
No. 75-236.
Colorado Court of Appeals, Div. II.
October 23, 1975.
*1275 A. M. Coren, Denver, for petitioner-appellant.
Grant, Shafroth, Toll & McHendrie, P. C., Donald M. Burkhardt, Denver, for respondent-appellee.
Selected for Official Publication.
ENOCH, Judge.
In an action for dissolution of marriage the husband appeals from amended permanent orders relative to child support, maintenance, and the division of property. We affirm.
The parties were married 11 years and have two children, ages nine and six. The wife was awarded custody of the children, child support in the amount of $225 per month for each child, and $225 per month for maintenance. In addition, the husband was ordered to maintain health and life insurance for the minor children and to pay one-half of any extraordinary medical or dental expenses of the children. The court awarded the family residence, having an equity of $35,000, to the wife, subject to her payment of $11,183 of the parties' indebtedness. The husband received $10,000 worth of stock in his corporate employer, which the court found to be marital property, and was awarded an unencumbered 1972 Ford which was valued at $3,600. The wife received the other vehicle, a 1973 Chevrolet, which had an encumberance exceeding the equity.
At the time of the dissolution the husband's net income was $940 per month. However, the evidence indicated that the husband's income had steadily increased during the marriage and in 1972 his annual salary was $25,000. In July 1973 he became one of two shareholders, a director, and the only vice-president of a new corporation with an annual salary of $20,000. Five weeks prior to the scheduled hearing on permanent orders, he and the other two directors voted to decrease his salary to $15,000, which resulted in the monthly net income of $940. Furthermore, there was evidence of another employment opportunity that would have paid him an annual salary of $34,000.
The wife, age 45, was last employed for a three-month period in 1964, as the husband did not want her working outside of the home. In addition, there was evidence that her health was not good and that her doctor had advised her that she should not obtain employment. However, she was taking typing and shorthand classes at the time of the hearing.
The husband alleges that the orders for child support and maintenance are unfair and confiscatory in that they amount to $675 per month and that the court determined that his monthly expenses were $650. The granting of child support and maintenance are matters within the sound discretion of the trial court and will be sustained unless there is a clear abuse of discretion. Carlson v. Carlson, 178 Colo. 283, 497 P.2d 1006. Among the factors the trial court must take into consideration in determining these orders under § 14-10-114 and § 14-10-115, C.R.S.1973, are "The ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance," and "[t]he financial resources. . . of the non-custodial parent." In determining the ability and resources, the court may consider the future earning potential of the spouse. See Menor v. Menor, 154 Colo. 475, 391 P.2d 473; Berge v. Berge, 33 Colo.App. 376, 522 P.2d 752. Here, the evidence supports the court's finding that the husband is capable of earning sums greatly in excess of his present net salary. Although it appears that the court based its order on the present net income of the husband, the evidence concerning the earning abilities of the parties convinces us that the orders are not confiscatory.
We note that although the husband alleges that the order for maintenance is *1276 unlimited, the court indicated that it felt unable to set a definite duration on the maintenance order due to the impaired physical health of the wife and the mental health problems of the oldest child who has been under the care of a psychiatrist since he was three years old. The court did, however, state that it would consider a motion to terminate the maintenance at the end of five years. The factors considered by the court are proper under § 14-10-114, C.R.S.1973, and the court may order maintenance "for such periods of time as the court deems just."
Likewise, the order that the husband pay one-half of the extraordinary medical and dental bills of the children, while unlimited as to amount or duration, is not confiscatory considering that the expenses are to be borne equally by each parent.
The husband relies on Laws v. Laws, 164 Colo. 80, 432 P.2d 632, for his argument that the court was without authority to order the husband to maintain his life insurance policy for the benefit of his children. However, in In re Marriage of Icke, Colo., 540 P.2d 1076 (announced September 15, 1975), the court found that the Uniform Dissolution of Marriage Act constituted a change in the law and that Laws was no longer applicable to the question of insurance. Hence, the court's order regarding the life insurance was proper under Icke, supra.
The husband asserts that the family residence was the principal asset of the parties and should not have been awarded the wife. However, § 14-10-113(1)(c), C. R.S.1973, makes it clear that it is desirable to award the family home to the spouse having custody of the children. This was particularly important in this case as the evidence showed that the child who was under the care of a psychiatrist might be further disturbed by the dislocation if forced to move away from the home, neighborhood school, and friends.
Initially the court recognized that despite the desirability of awarding the family home to the wife, the husband's financial circumstances required that the home be sold in order to pay off the parties' debts. However, when the wife indicated that she could borrow the money to pay off the indebtedness, the court awarded the home to her subject to such payment. Even if we assume that the assets awarded to the wife exceeded those awarded to the husband, "equitable division of property does not necessarily require an equal division." In re Marriage of Davis, Colo.App., 534 P.2d 809. Since the court based its order on the need for the custodial parent to retain the family home and considered the economic circumstances of the parties, the division of property ordered by the court is within the ambit of its discretion.
The wife has requested that this court direct the trial court to hear her motion for attorneys' fees for this appeal, and it is clear that although both this court and the trial court have jurisdiction, the trial court is in a better position to hear such a motion even after final disposition of this appeal. Watson v. Watson, 135 Colo. 296, 310 P.2d 554. Therefore without any determination as to the merits of the motion, the trial court is directed to hear the motion for the wife's attorneys' fees upon proper application, and make such order as the facts and circumstances may warrant.
Judgment affirmed.
PIERCE and KELLY, JJ., concur.