In re the MARRIAGE OF Douglas A. ERICKSON, Appellant,

and

Janice E. Erickson, Appellee.

No. 79CA0021.

Colorado Court of Appeals, Div. II.

Nov. 1, 1979.

John F. Cook, Aurora, for appellant.

Jeb McNew, Denver, for appellee.

BERMAN, Judge.

Husband appeals from an order of the trial court increasing by $40 his monthly child support obligations for each of the parties' two children and awarding the wife $150 as attorney fees. We affirm.

At the time of dissolution of the marriage in 1974, wife was awarded custody of the two minor children and husband was ordered to pay child support of $125 per month per child and $60 maintenance. At that time, the trial court found that husband's gross monthly income was approximately $960 and that wife earned about $200 per month.

In 1978, wife filed a motion seeking, among other things, increased child support. She alleged, as justification, increases in both husband's income and in the needs of the children.

At the hearing, it was established that husband's gross monthly income had increased to approximately $1345. A comparison of his financial affidavits executed in 1973 and 1978 reflects a monthly increase in net income of $234. Husband testified that he had lost three tax exemptions subsequent to the execution of the 1978 affidavit and that this reduced his net income by approximately $50 per month. Wife testified that she was no longer able to work for health reasons. Both parties had remarried. The trial court ordered a $40 per month per child increase in child support, and permitted husband to claim the two children as tax exemptions.

Husband contends that the trial court failed to utilize the statutory standard for modification of support payments and, in any event, that the wife did not sustain her burden of establishing that the statutory standard had been met. We disagree.

Under § 14–10–122(1), C.R.S.1973, support payments may be modified "only upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable." Thus, a party seeking modification of support payments has a heavy burden. *In re Marriage of Corbin*, Colo.App., 591 P.2d 1046 (1979).

While it is true, as husband contends, that the trial court commented on the difficulty of defining unconscionability, it specifically granted wife's motion on the ground that the husband's increase in base pay together with the increased needs of the children and the wife's inability to work, was so substantial as to render the present amount of child support unconscionable; thus, the court properly applied the correct legal standard. The court's ruling was made after consideration of the changed circumstances of both parties because of their new households.

Given the circumstances presented here, we conclude that the monthly increase of $40 per child was proper; hence, it will not be disturbed on review. *Pacheco v. Pacheco*, 38 Colo.App. 181, 554 P.2d 720 (1976).

Wife testified that she owed approximately $500 in attorneys fees of which the court ordered husband to pay $150. Husband concedes the trial court's discretion in making such an award, *In re Marriage of Parker*, Colo., 584 P.2d 103 (1978), and the statutory purpose stated in § 14–10–110, C.R.S.1973 of equalizing the economic status of the parties involved in dissolution of marriage proceedings. *In re Marriage of Franks*, 189 Colo. 499, 542 P.2d 845 (1975). He contends, however, that the evidence relating to his financial resources and the lack of evidence relating to the resources of wife and her new husband did not provide an adequate basis for the award. The reasonableness of the fee is not challenged. We find no merit in husband's contention.

The trial court found, on supporting evidence, that wife was unemployed and had no income. Under these circumstances, there was no abuse of discretion in the order for partial payment of wife's attorney fees. *Pacheco v. Pacheco, supra.* Moreover, contrary to husband's contention, raised for the first time on this appeal, the trial court had sufficient evidence relative to wife's financial resources. We perceive no abuse of discretion in the fact that it apparently did not take into account the resources of her new husband in concluding that she was entitled to some attorney fees.

Wife has not requested attorney fees on this appeal under the Dissolution of Marriage Act, § 14–10–119, C.R.S.1973 (1978 Cum.Supp.), or under C.A.R. 38. However, contending that this appeal is "groundless," wife requests additional attorney fees for the appeal pursuant to § 13–17–101, et seq., C.R.S.1973 (1978 Cum. Supp.). By section 103 of this statute, attorney fees may be awarded when defending an appeal after a party previously has been awarded such fees in the trial court in a "suit involving money damages" where such suit was found to be "frivolous or groundless." Sections 13–17–101(1) and (3), C.R.S.1973 (1978 Cum.Supp.); *See People v. Freeman,* Colo., 583 P.2d 921 (1978). However, because a dissolution of marriage proceeding seeking child support and attorney fees in connection therewith is not a "suit involving money damages," this statute is inapplicable here.

The order modifying husband's child support obligation and requiring him to pay a portion of wife's attorney fees is affirmed.

PIERCE and RULAND, JJ., concur.