**In re MARRIAGE OF Barbara M. ANDERSON, Appellant,**

**and**

**Sherman C. Anderson, Jr., Appellee.**

**No. 79CA1064.**

Colorado Court of Appeals,
Div. I.

Oct. 29, 1981.

Rehearing Denied Nov. 27, 1981.

George J. Duckworth, Denver, for appellant.

David A. Fogel, Denver, for appellee.

STERNBERG, Judge.

Barbara Anderson appeals a judgment decreasing child support. We reverse.

When the marriage of the parties was dissolved on March 16, 1976, the court approved the terms of a separation agreement under which the father was to pay $240 per month for support of each of the parties' two children. At that time the mother's gross monthly income was $1,012 while the father's monthly earnings were $1,640.

Later in 1976 the parties entered into an agreement, which was not made an order of the court, that provided for adjustment of the child support payments because of a decrease in the husband's income. Pursuant to that agreement the husband had been making payments of $360 per month, instead of $480, for several years when his income was reduced.

In 1979, the father moved to reduce the support payments from $480 per month pursuant to § 14–10–122, C.R.S.1973. At the time of the hearing on that motion both

parties' gross monthly income had increased: the mother's to $1,605 and the father's to $1,666.

The court had before it evidence that the mother had sold the family home she had been awarded in the original dissolution proceeding, had purchased a less expensive one, and was saving some of the profits for the children's education. Additionally, evidence was adduced, and the court found, that the wife claimed no exemptions for federal withholding tax purposes in order to receive annually a federal tax refund and that, contrary to the situation at the time of the decree, the two children earned $160 per month from part-time jobs. The husband conceded his small increase in gross income, but testified that because of inflation his expenses had also increased. Likewise, however, there was evidence that because of inflation it cost the mother more to support the children than it had at the time of the entry of the decree.

Based on this evidence the court concluded that there had been a change of circumstances so substantial and continuing as to make the original decree unconscionable, and the court reduced the child support to $150 per month per child.

Section 14–10–122(1), C.R.S.1973, governs modification of decrees. It provides that an existing support order may be modified "only upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable." Unconscionable, as used in that statute, has been held to mean not "fair, reasonable, and just." *In re Marriage of Carney*, Colo.App., 631 P.2d 1173 (1981).

■ It has been stated repeatedly that one who seeks to modify a decree has a "heavy burden." *E.g., In re Marriage of Erickson*, Colo.App., 602 P.2d 909 (1979); *In re Marriage of Corbin*, Colo.App., 591 P.2d 1046 (1979); *In re Marriage of Lodholm*, 35 Colo.App. 411, 536 P.2d 842 (1975). The issue is *not* whether, based on the current financial circumstances of the parties, the court would have awarded the same amount of child support as that incorporated in the original decree. Instead, the question on a motion to modify is different: Have the terms of the original award become unfair, *i.e.*, unconscionable.

■ To consider a motion to modify under the same standard as an original award is tested would be to give no real meaning to § 14–10–122, C.R.S.1973, and would result in encouraging the filing of motions to modify each time there is *any* change in the earning of one parent or in the needs of the children, whether that change be large or small. In our view, the facts before the court here—the father's income increasing only by a small amount, the mother's by a greater sum, the children earning money at a part-time job, and the mother managing to save money for the children's education—do not constitute a basis for a conclusion that this three-year-old decree was unfair.

■ Where, as here, a father's income exceeds that which he was earning at the time of entry of the original decree it has been held "there was no basis for reduction of future support payments." *In re Marriage of Edwards*, 39 Colo.App. 26, 560 P.2d 849 (1977). And, in *In re Marriage of Robinson*, Colo., 629 P.2d 1069 (1981), a minor unemancipated child's earnings from summer employment were held not to affect the non-custodial parent's obligation to provide support. Nor should the fact that a parent manages to save money for her children's education be a reason to punish that parent's frugality and allow such savings to serve as a basis to characterize the initial agreement as unconscionable. Finally, the fact that a custodial parent has voluntarily agreed to a reduction of child support during the time when the non-custodial parent's income was temporarily reduced has no relevance to the situation, where, as here, that parent's income later increases.

Judgment reversed.

COYTE and KIRSHBAUM, JJ., concur.