643 P.2d 794 (1982)
The PEOPLE of the State of Colorado In the Interest of W. M., J. M., and C. M., children,
Upon the Petition of J. M. M., Petitioner-Appellant,
and Concerning D. W. M., Respondent-Appellee.
No. 81CA0753.
Colorado Court of Appeals, Div. III.
March 4, 1982.
*795 Robert R. Gallagher, Jr., Dist. Atty., Ray L. Weaver, Chief Deputy Dist. Atty., Mark P. Field, Deputy Dist. Atty., Littleton, for petitioner-appellant.
Sonheim & Helm, Phillip A. Less, Arvada, for respondent-appellee.
TURSI, Judge.
In this proceeding brought by the district attorney's office, petitioner challenges the trial court's refusal to increase respondent's child support obligation for the children of his first marriage. We affirm.
Pursuant to Article 7 of the Colorado Children's Code, § 19-7-101, et seq., C.R.S. 1973, the district attorney filed a petition for support in December 1979 in Arapahoe County. The district attorney then moved to change venue to Jefferson County in order to have this support proceeding considered with a dissolution action involving respondent and his second wife in which child support of $300 per month had been ordered for the two children of that marriage. The Arapahoe County district court ordered the change of venue, but the Jefferson County district court refused venue. The case was reinstated in Arapahoe County. A second motion to change venue was denied by the Arapahoe County district court.
In December 1980, a stipulation and order of support was entered into in which respondent agreed to pay $50 per month as support for the three children of his first marriage. In January 1981, the district attorney filed a motion for reconsideration of respondent's support obligation which motion came before the court four months later.
Respondent's financial affidavit revealed that he had a net monthly income of approximately $1,000. His monthly expenses totalled approximately $1,600, including the $300 child support obligation entered in Jefferson County.
At the hearing on reconsideration of the support obligation, the district attorney stated:
"At this time I would ask the Court to increase the order, but I believe that the Court in light of the financial affidavit and the child support order of $300 a month for two other children by another marriage in Jefferson County does create a situation where the Respondent's income is not enough at this time to increase child support in this matter."
No testimony or further argument was presented.
The court stated that there was:
"obvious inequity in one court ordering $300 child support for two children, which order forced this Court to order only $50 for three children based on the financial circumstances which included that Court Order of $300."
It then refused to increase respondent's child support obligation.
After essentially conceding the result of the motion, the district attorney now appeals contending that the court abused its discretion in not ordering additional child support. We do not agree. The district attorney does not raise any issue concerning the propriety of the refusal to change venue.
Under § 19-7-103(1), C.R.S.1973 (1978 Repl.Vol. 8), the court may enter an order directing a person who has an obligation to support a child "to pay such sums for support as may be reasonable under the circumstances." As petitioner's brief points out, the court has wide discretion in determining awards of child support. People in Interest of A.A.T., 191 Colo. 494, 554 P.2d 302 (1976). Given the financial circumstances of respondent, the trial court did not abuse its discretion in refusing to increase respondent's child support obligation.
*796 Respondent in his answer to this appeal requests that he be awarded attorney's fees pursuant to C.A.R. 38. Although we view this appeal as frivolous and baseless, we are unable to award the fees requested. After acknowledging in open court that respondent's financial circumstances prevented ordering an increase in child support, the district attorney pursued this action, squandering theirs, respondent's, and this court's resources. The attorney's fees respondent was forced to expend in defending this appeal could better have been used in the support of his children.
Pursuant to C.A.R. 38, this court may award damages and costs to an appellee. However, C.A.R. 39(b) allows such an award against the state only to the extent authorized by law. See also C.R.C.P. 54(d). This limitation stems from the basic concept that "costs should not be charged against a sovereign state, unless the proper authority so directs." Dietemann v. People ex rel. Blackman, 78 Colo. 92, 239 P. 1020 (1925). Lucero v. Charnes, Colo.App., 607 P.2d 405 (1980).
In pursuing this action for support, the district attorney represents the People of Colorado. §§ 20-1-102 and XX-XX-XXX, C.R.S.1973 (1981 Cum.Supp.). Thus, statutory authorization must exist to enable us to assess costs. We find no such authorization.
While § 13-17-101, C.R.S.1973 (1981 Cum.Supp.) allows the assessment of attorney fees for a frivolous and groundless action, it is specifically limited to suits involving money damages, which this is not. In re Marriage of Erickson, 43 Colo.App. 319, 602 P.2d 909 (1979). Also, although § 13-16-121, C.R.S.1973 (1981 Cum.Supp.) allows costs to a prevailing defendant, (if not a public entity) in an action brought by a public entity which is determined to be frivolous or baseless, matters brought under the Children's Code are specifically excluded by the statute. Finally, § 19-7-103(6), C.R.S.1973, which allows the trial court to assess the costs of a support action as part of its order, does not give this court the authority to assess costs against the state for a frivolous appeal. Cf. People in Interest of C.R.A.H., Colo.App., P.2d (Nos. 80CA1258 and 80CA1259, announced November 27, 1981). Therefore, we deny respondent's request for attorney's fees.
Order affirmed.
KIRSHBAUM, J., concurs.
STERNBERG, J., specially concurs.
STERNBERG, Judge, specially concurs:
I am in total agreement with the result reached by the majority opinion on the issues before the court. Based upon the financial condition of the father, there were no assets available from which additional child support could be paid.
However, as noted by the trial court, and as quoted in the majority opinion, there is an "obvious inequity in one court ordering $300 child support for two children [of one marriage and leaving] only $50 for three children of the earlier marriage." As the issues are structured before us, however, this obvious inequity cannot be reached.
As noted in the majority opinion, a motion for change of venue had been granted from Arapahoe County to Jefferson County, with the apparent thought that equitable handling of the support claims for the children of each marriage could be achieved by having the same court handle both cases. That common sense approach was thwarted when the Jefferson County District Court refused venue. At that point in the proceedings, in my view, an attempt to procure relief by special writ or appeal would have been appropriate. In this way perhaps the patent unfairnes, noted by the majority and the trial court, of having the children of a dissolved second marriage receive much greater child support than do the children of the dissolved first marriage, could have received judicial attention.
In this day of all too frequent dissolutions succeeding dissolutions, some remedy, judicial or legislative, must be fashioned to avoid the blatantly unfair result encountered in this case. Cf. C.R.C.P. 42.1.