**C.T.R., by Next Friend, E.R., and the Jefferson County Department of Social Services, Appellees,**

v.

**R.C.S., Appellant.**

**No. 82CA1504.**

Colorado Court of Appeals, Div. II.

Oct. 20, 1983.

Nolan L. Brown, Dist. Atty., Patricia Muller, Deputy Dist. Atty., Lakewood, for appellees.

Tague & Beem, P.C., Clifford L. Beem, Anne M. Vitek, Denver, for appellant.

KELLY, Judge.

In this paternity action, the defendant, R.C.S., appeals the amount awarded as child support, arguing that the findings made by the juvenile Commissioner, and adopted and affirmed by the trial court, were not supported by the evidence. Plaintiffs, the child C.T.R., and the Jefferson County Department of Social Services, argue that this court lacks jurisdiction to hear the appeal since the defendant failed to seek review within five days of the Commissioner's findings. We affirm.

Plaintiffs' contention that jurisdiction is lacking is without merit. While § 19–1–110(5), C.R.S.1973 (1982 Cum.Supp.) provides that the Commissioner's findings automatically become the decree of the trial court if not appealed within five days, the

Commissioner's written findings and recommendations were not filed in the district court until August 9, 1982. Hence, the request for review filed on August 10 was timely. *See People in Interest of M.C.L.,* 671 P.2d 1339 (Colo.App.1983).

■ The defendant argues that the Commissioner's findings, adopted by the court, concerning his income, ability to pay support, and credibility as a witness on those matters were erroneous. These issues are within the fact-finder's discretion, and will be sustained absent a clear abuse of discretion. *See Carlson v. Carlson,* 178 Colo. 283, 497 P.2d 1006 (1972); *In re Marriage of Anderson,* 37 Colo.App. 55, 541 P.2d 1274 (1975). There is no such showing of abuse since the record supports the findings.

Judgment affirmed.

SMITH and VAN CISE, JJ., concur.