In re the MARRIAGE OF Charles A.
DaFOE, Appellee, Cross-Appellant,

and

Emma Louise DaFoe, Appellant,
Cross-Appellee.

No. 83CA0441.

Colorado Court of Appeals,
Div. III.

Nov. 17, 1983.

Rehearing Denied Dec. 15, 1983.

Butler, Landrum, Pierce & Turner, P.C., Robert G. Pierce, Lakewood, for appellee.

Roath & Brega, P.C., David W. Stark, Denver, for appellant.

BABCOCK, Judge.

Wife appeals from the trial court's order modifying maintenance pursuant to § 14-10-122, C.R.S.1973. Husband cross-appeals contending that the trial court erred in failing to back date the modification to the date of the motion for reduction, and in awarding wife her attorney's fees. We affirm.

The parties' 24-year marriage was dissolved in 1979. They entered into an agreement concerning maintenance, support, and division of property. The agreement, incorporated in the court's decree, provided that the wife would receive $2,000 per month maintenance. It further provided that wife was entitled to increased maintenance in 1982, and every two years thereafter, based on increases in the consumer price index. The automatic increases were conditioned on showing that husband's income had increased.

In 1979, husband earned net monthly income of $5,534, plus a one time bonus of $3,000. His expenses were $4,941 per month. The wife was unemployed and had no income, and her expenses were $3,301 per month. Her ability to work was questionable because of health problems.

In early 1982, wife moved for an automatic increase in maintenance based on the agreement. The court found that husband's income had increased, and increased maintenance by $420 in accordance with the formula. *Cf. In re Marriage of Mirise,* 673 P.2d 803 (Colo.App.1983); *In re Marriage of Woodman,* 676 P.2d 1232 (Colo. App.1983); *In re Marriage of Sinn,* 674 P.2d 988 (Colo.App.1983).

Before the hearing on wife's request for automatic increase, husband filed a motion for a modification of maintenance. A hearing was held in January 1983 after the hearing on wife's motion for automatic increase. The evidence established that husband was netting $7,439 with expenses of $5,602. Husband conceded that some of his increased expenses were attributable to his remarriage.

In January 1983 wife was receiving maintenance of $2,420 and earning approximately $800 per month as a secretary. Her expenses had declined to $2,948 per month. She testified that her total expenses declined because two children had moved away, but claimed that her personal expenses actually increased.

The court noted wife's independent income of $800 per month. It found that maintenance of $2,420 per month was unconscionable in light of the parties' incomes and expenses, and reduced maintenance by $300 per month, effective in March 1983.

Citing *In re Marriage of Anderson,* 638 P.2d 826 (Colo.App.1981), wife argues that because the husband's income increased more than hers, there were no grounds for modification to any extent. However, *Anderson* did not create a rigid rule precluding reduction in support or maintenance payments when both incomes have increased.

■ Pursuant to § 14-10-122, C.R.S. 1973, the test of unconscionability is whether there has been a substantial and continuing change of circumstances which renders the existing maintenance provision unfair, unreasonable, and unjust. *In re Marriage of Anderson, supra.* In making this determination the court is required to examine all circumstances pertinent to awarding maintenance under § 14-10-114, C.R.S.

**428**

1973. *See In re Marriage of Carney,* 631 P.2d 1173 (Colo.App.1981).

Here, the evidence demonstrated that the wife's ability to meet her needs through independent employment was substantially greater than anticipated at the time of the decree. *See* § 14–10–114(1)(b), C.R.S.1973. Specifically, wife's health was not precluding employment as was feared previously.

Further, the wife's needs were not substantially different than at the time of the decree. To the extent inflation had eroded her purchasing power, the decline was compensated by the automatic increase in maintenance as well as a decline in expenses associated with the children. Conscionability is not a function of percentage of reduction but must be measured by the totality of the circumstances under § 14–10–114, C.R.S.1973. Consequently, we can not say, as a matter of law, that the trial court erred in finding changed circumstances rendering the prevailing rate of maintenance unfair and unjust. *In re Marriage of Anderson, supra.*

Husband cross-appeals arguing that under § 14–10–122(1), C.R.S.1973, the trial court should have back dated the reduction to the time his motion was filed. He argues that the failure to back date resulted in "excessive maintenance payments" of $3,600.

Husband concedes, and we agree, that the trial court has discretion in determining whether to back date a reduction order to the time the motion was filed. We find no abuse of discretion here.

Husband also contends that the trial court erred in ordering him, pursuant to § 14–10–119, C.R.S.1973 (1982 Cum.Supp.) to pay wife's attorney fees incurred as a result of the motion to reduce maintenance. We disagree.

Here, there was a wide disparity between the earning capacities of the husband and wife, and wife was already indebted to her attorney. Further, the modification proceeding was initiated by husband. Consequently, the trial court did not abuse its discretion in ordering husband to pay wife's attorney fees. *See In re Marriage of Corbin,* 42 Colo.App. 200, 591 P.2d 1046 (1979).

Wife seeks an award of attorney fees for this appeal. Because of the time elapsed since appellate proceedings began, we do not wish to speculate as to the current relative "financial resources" of the parties. The trial court is better suited to rule upon this issue, and therefore, the trial court is directed to hear the motion for wife's attorney fees upon proper application, and make such order as the facts may warrant pursuant to § 14–10–119, C.R.S. 1973. *In re Marriage of Anderson,* 37 Colo.App. 55, 541 P.2d 1274 (1975).

The order is affirmed and the cause is remanded for hearing on wife's application for attorney fees.

TURSI, J., concurs.

STERNBERG, J., concurs in part and dissents in part.

STERNBERG, Judge, concurring in part and dissenting in part:

I agree with the disposition of the cross-appeal, but I respectfully dissent from the majority's conclusion that the change of circumstances involved here rendered the existing maintenance provision unconscionable.

When considering a motion to modify terms of a dissolution decree, § 14–10–122(1), C.R.S.1973, applies. One who seeks to modify the terms of a decree has a "heavy burden." *In Re Marriage of Erickson,* 43 Colo.App. 319, 602 P.2d 909 (Colo.App.1979). Under the statute an existing order may be modified "only upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable."[1] As stated in *In*

---

1. The case of *In Re Marriage of Manzo,* 659 P.2d 669 (Colo.1983) arguably adds a facet to testing unconscionability: is "overreaching or fraud, concealment of assets, or sharp dealing" involved. In my view *Manzo* should be limited to situations where an effort is made to set aside

*Re Marriage of Anderson,* 638 P.2d 826 (Colo.App.1981):

"The issue is *not* whether, based on the current financial circumstances of the parties the court would have awarded the same amount ... as that incorporated in the original decree. Instead, the question on a motion to modify is different: Have the terms of the original award become unfair, *i.e.,* unconscionable."

Applying these principles to the maintenance award in this case, I note that there have been changes in the circumstances of the parties which might have led to entry of a different maintenance award had those economic circumstances existed at the time of the dissolution. However, such considerations are not controlling when determining a motion to modify. *Anderson, supra.* In my opinion, the change of circumstances involved here, *i.e.,* the wife earning approximately $800 a month, balanced somewhat by the husband's increased earnings, are not of such significance as to render the maintenance award unconscionable. Particularly is this so because the possibility of the wife obtaining employment was not beyond the consideration of the parties when the original settlement agreement was made: It was noted on her affidavit that she would seek employment as a nurse at the rate of $14,500 per year.

Finally, it is difficult to accept the fact that a mere reduction of a maintenance payment from $2,420 per month to $2,120 per month can render conscionable that which previously was unconscionable. If unconscionability can be cured by a reduction of something just over 10% of an award of this size, in reality what the court is doing is making the determination that were the case before it now to determine the amount of maintenance to be awarded, the lower figure would have been used.

A motion to modify must be considered under a different standard than is used to weigh an original award. To do otherwise an entire agreement or award. Here, we are dealing with modification of only the maintenance portion of an agreement. However, it should be noted that *Manzo* takes its rule from

would be to negate the meaning of § 14–10–122, C.R.S.1973, and would result in encouraging the filing of motions to modify each time there is any change in the economic circumstances of either party. *In Re Marriage of Anderson, supra.* A motion under § 14–10–122, C.R.S.1973, should not be used to "fine-tune" an award of maintenance. In my view, in order to justify a finding of unconscionability, the economic change involved must be of greater moment than that involved here.

I would reverse this part of the judgment.

*McMillion v. McMillion,* 522 P.2d 125 (Colo.App. 1974) (not selected for official publication), a case involving a determination of whether a maintenance provision was unconscionable.