STERNBERG, Judge.
The Jefferson County Department of Social Services (Department) filed this action to recover $4,483.87 in child support arrear-ages from respondent C.T.B. (the father). The trial court ordered the father to pay $1,880.39. The Department appeals, and we affirm.
The marriage of the father and mother had been dissolved in November 1980. Pursuant to the dissolution decree father -was required to pay monthly child support of $75 to the mother for each of the couple’s three children.
The Department filed a petition in May 1981, alleging the three children to be dependent and neglected, and it was awarded temporary custody of the children in July 1981. The children were adjudicated to be dependent and neglected in January 1982 and were placed in the legal custody of the Department.
The father and the Department entered into written agreements pursuant to § 19-3-115(4)(d), C.R.S. (1983 Cum.Supp.) for the payment of the childrens’ foster and day care expenses. As relevant here, § 19 — 3— 115(4)(d) provides that when the custody of a child is given to a county department of social services, the parent shall become obligated “by an order of the court” to pay a fee, based on the parent’s ability to pay, to cover the costs of residential care and of the guardian ad litem. The fee is to be in accordance with a schedule adopted by departmental rule. However, no court order was entered here, rather the Department relied upon the father’s written agreement to pay.
The father became delinquent in his payments in early 1983, and the Department sought to collect arrearages. The issue was set for consideration on April 14,1983, at which time a hearing was also scheduled regarding permanent custody and support of the children.
The Department sought production of financial documents from the father prior to the hearing. The father produced documents which revealed that he had misrepre *815 sented his gross income to the Department. The Department, based on its fee schedule, contended that it would have assessed a higher monthly fee if it had initially been provided this accurate information. It sought $4,483.87 in arrearages based on the amount it would have assessed.
Noting that no court order had been entered pursuant to § 19-3-115(4)(d), the trial court found the agreement between the father and the Department to be contractual in nature. However, it refused to assess arrearages against the father at the new rate the Department sought, because the rate had not been ascertained or ordered at the time that it should have been discovered by the Department through appropriate procedures, such as a request for production of documents.
Instead, the court noted that the amount actually assessed was less than the husband had been ordered to pay in monthly child support for the children in the dissolution of marriage decree. Accordingly, it entered judgment against the father for $1,880.39, that amount being the difference between the child support obligation in the dissolution case and the amount the father had actually paid the county.
The language of § 19-3-115(4)(d) instructs that:
“A decree vesting legal custody of a child or providing for placement of a child pursuant to sections 19-2-103, 19-3-101.1, or 19-3-109 with an agency in which public moneys are expended shall be accompanied by an order of the court which obligates the parent of the child to pay a fee, based on the parent’s ability to pay, to cover the costs of the guardian ad litem and for providing for residential care of the child. When custody of the child is given to the county department of social services, such fee for residential care shall be in accordance with the fee requirements as provided by rule of the department of social services and such fee shall apply, to the extent unpaid, to the entire period of placement.” (emphasis added)
No such court order obligating the father to pay the fee had been obtained by the Department. Nor did the Department take any steps to verify the gross annual income figure supplied by the father, though subsequently it was easily obtainable.
Accordingly, the trial court here was correct in calculating arrearages to be the difference between the amount the father was required to pay by court order for child support and the amount he had actually paid. Section 14-14-104, C.R.S. (1983 Cum.Supp.), enacted in 1981, provides:
“(1) Any payment of public assistance by a county department of social services made to or for the benefit of any dependent child or children creates a debt, which is due and owing to the county department of social services, recoverable by the county as a debt due to the state by the parent or parents who are responsible for support of the dependent child or children in an amount equal to the amount of public assistance so paid; except that:
(a) Where there has been a court order directed to a parent, the child support debt of that parent shall be an amount equal to the amount of public assistance paid to the extent of the full amount of arrearages under the order....”
If the department deems the child support order to be insufficient to cover the public assistance provided, § 14-14-104(l)(a) further states that “the county department of social services through its delegate child support enforcement unit may petition for modification of the order on the same grounds as a party to the action.”
The Department argues that the father “breached” his contract with it, but the argument misses the mark. The Department does not seek to enforce the terms of the “contract,” but rather, seeks to disregard the contract and enforce different terms to which the father has not agreed.
The father’s application for damages against the Department under C.A.R. 38 is denied. Although we affirm the judgment, we do not find this appeal to have *816 been frivolous or groundless. In any event, such an award against the state may be ordered only if authorized by statute. See People in Interest of W.M., 643 P.2d 794 (Colo.App.1982). No such statutory authority exists here.
The judgment is affirmed.
VAN CISE and METZGER, JJ., concur.